WARREN, Rec., et al. v. ADAMS et al.

No. 28111. Oct. 31, 1939.

Rehearing Denied June 18, 1940.

Application for Leave to File Second Petition for Rehearing Denied Sept. 10, 1940.

*105 P. 2d 221.*

Charles L. Yancey, G. C. Spillers, E. M. Calkin, and Kavanaugh Bush, all of Tulsa, for plaintiffs in error.

Charles A. Coakley, R. B. McDermott, and Thomas C. Smith, all of Tulsa, for defendants in error.

OSBORN, J. Plaintiffs in error, G. Ed Warren, receiver of the Exchange National Company, a corporation, Matie Center and M. Marguerite Day, creditors of said corporation, plaintiffs in the trial court, appeal from a judgment of the district court of Tulsa county sustaining the separate demurrer of defendants in error Kate Chestnut, Alice C. Quinlan, and Margaret G. Smith to plaintiffs' amended petition and dismissing said petition with judgment for said defendants when plaintiffs elected to stand thereon.

This action was brought by the plaintiffs above named against the former directors of the dissolved corporation, Exchange National Company, and the personal representative of the deceased directors, or the distributees of the estates of the deceased directors if their estates had been theretofore distributed, to enforce the statutory liability of corporate directors for creating debts in excess of the subscribed capital stock as provided in section 9763, O. S. 1931, 18 Okla. Stat. Ann. § 106.

Thomas Chestnut was a director of the Exchange National Company from the

644

date of its organization in 1928 until his death in August, 1931. The defendants herein, the widow and two daughters of the deceased Thomas Chestnut, were the distributees of his estate after administration in the proper court. The estate was closed and distributed in 1932; the Exchange National Company was dissolved by decree of the district court of Tulsa county on August 21, 1935, and this suit was filed on December 9, 1936.

Before sustaining the separate demurrer of the defendants the trial court, on motion of said defendants, struck paragraphs 10, 14, and 15 from plaintiffs' amended petition. The plaintiffs contend the trial court erred in striking said paragraphs from the petition and in sustaining the demurrer thereto. For the purposes of this appeal we shall consider the demurrer as having been made before the paragraphs were stricken therefrom, and dispose of both assignments of error. We must first, of course, determine whether the amended petition states a cause of action against the director, Thomas Chestnut, if he were living.

In plaintiffs' reply brief, wherein this proposition is argued, the plaintiffs do not discuss paragraph 10 of the amended petition. We have, however, examined the allegations of that paragraph and the copy of the minutes of the directors' meeting referred to therein, and the minutes of said meeting do not reveal that any indebtedness was created at that time; consequently, we shall not consider paragraph 10 further.

In paragraph 14 plaintiffs allege that Thomas Chestnut was present at the meeting of the board of directors which created an indebtedness in favor of the National City Bank of New York and that Chestnut did not cause his dissent thereto to be entered on the minutes of said meeting. An examination of the minutes of said meeting, a copy of which is attached to the petition, discloses that in reality the directors authorized named officers of the corporation to execute certain promissory notes in favor of the National City Bank of New York to evidence debts theretofore incurred by the managing officers of the corporation.

In paragraph 15 it is alleged that Chestnut attended the meeting of the board of directors which passed a resolution authorizing the managing officers of the corporation to incur debts with the Mississippi Valley Trust Company in excess of the subscribed capital stock, and that Chestnut did not enter his dissent therefrom on the minutes of said meeting.

Plaintiffs do not allege that Chestnut attended other meetings of the board of directors of said corporation when other excessive debts were created, and except for the above paragraphs rely upon the general allegations of the petition as stating their cause of action against the defendants. The plaintiffs do not contend that Chestnut or his distributees are liable for any of the excessive debts created by the board of directors during Chestnut's administration except those set forth in the above paragraphs, and it is conceded that the excessive debts set forth in those paragraphs had been paid in full by the corporation prior to the dissolution of said corporation. The parties in whose favor these particular excessive debts were created are not parties to this action.

Conceding for the purposes of this appeal, without deciding, that paragraphs 14 and 15 allege the creation of debts by the directors of said corporation within the meaning of section 9763, O. S. 1931, 18 Okla. St. Ann. § 106, the sole question for our consideration is whether a director, who otherwise comes within the terms of the statute, is liable for excessive debts which had been paid by the corporation prior to its dissolution.

As heretofore stated, plaintiffs' cause of action is predicated upon section 9763, O. S. 1931, 18 Okla. Stat. Ann. § 106, which provides:

"The directors of corporations must not make dividends except from the surplus profit arising from the business thereof, nor must they divide, withdraw, or pay to the stockholders, or any of them, any part of the capital stock; nor must they create debts beyond their

subscribed capital stock, or reduce or increase their capital stock, except as specially provided by law. For violation of the provisions of this section, the directors under whose administration the same may have happened (except those who may have caused their dissent therefrom to be entered at large on the minutes of the directors at the time, or were not present when the same did happen), are, in their individual and private capacity, jointly and severally liable to the corporation, and to the creditors thereof, in the event of its dissolution, to the full amount of the capital stock so divided, withdrawn, paid out, or reduced, or debt contracted; and no statute of limitations is a bar to any suit against such directors for any sums for which they are made liable by this section. There may, however, be a division and distribution of the capital stock of any corporation which remains after the payment of all its debts, upon its dissolution or the expiration of its terms of existence."

The pertinent portion of said statute is:

"The directors of a corporation must not create debts beyond their subscribed capital stock. * * * For violation of the provisions of this section, the directors under whose administration the same may have happened * * * are, in their individual and private capacity, jointly and severally liable to the corporation, and to the creditors thereof, in the event of its dissolution, to the full amount of the * * * debt contracted."

Since the particular question herein has not been passed upon by this court, it is well that we consider the construction which has been given similar, although not identical, statutes by other jurisdictions. We must also take into consideration the generally recognized legislative intent in enacting such statutes.

In Horner v. Henning, 93 U. S. 231, 23 L. Ed. 879, the Supreme Court of the United States had under consideration an act of Congress authorizing the formation of corporations in the District of Columbia. The statute provided that if the indebtedness of any company organized under the act should *at any time* exceed the amount of its capital stock, the trustees, or directors, of the company assenting thereto were to be personally and individually liable to the creditors of the corporation for the excessive debts. In holding that this liability on the part of the directors was secondary in nature, the court said that it did not believe that Congress had intended by the statute to make the directors liable beyond the debts of the corporation which it failed or refused to pay.

The Court of Appeals of New York in National Bank v. Dillingham, 42 N. E. 338, was construing a statute similar to the one in the above case, and in pointing out that the liability of the directors was secondary in nature and to be resorted to only after the usual remedies against the corporation had been exhausted, since the corporation was primarily liable, said:

"We think the fair construction of the statute is that it imposes a liability upon the trustees creating or assenting to debts in excess of the capital, to the extent of such excess, not for the benefit of any particular creditor, but for the benefit of all, and their liability is in equity a fund to which all the creditors may resort for the satisfaction of *such debts as the corporation itself fails to pay*, to be shared in by all in proportion to the debt remaining unpaid."

The statute under consideration by the Supreme Court of Illinois in Woolverton v. Taylor, 132 Ill. 197, 23 N. E. 1007, 22 Am. St. Rep. 521, provided that if the indebtedness of any corporation exceed the amount of its capital stock, the directors and officers thereof assenting thereto shall be personally and individually liable for such excess to the creditors of such corporation. It will be noted that, as distinguished from the statutes in the above cases, the Illinois statute omits the phrase "if at any time"; hence there is no provision as to when the cause of action may be maintained by the creditors. The court, however, concluded that the directors' liability was secondary in nature and said:

"We think it clear that the liability of corporation officers under section 16, supra, is not an absolute liability, but is

only to be enforced to the extent that the corporation fails to pay its creditors,—that the liability is in the nature of security to all the creditors of the corporation. If this conclusion is correct, the citation of authorities is unnecessary to show that no action can be maintained against the officers until the corporation is in default.".

The statute under consideration by the Supreme Court of Tennessee in Tradesmen's Pub. Co. v. Knoxville Car Wheel Co., 27 S. W. 1097, and Allison v. Coal Creek, etc., Co., 9 S. W. 226, is similar to that of New York and the District of Columbia, as set forth above. The Tennessee court, contrary to the other decisions above, declined to permit any creditor except one whose particular debt was excessive to participate in the fund recovered from the guilty directors. Consequently, these two cases differ from those discussed above on the question of which creditors can participate in the fund recovered from the directors, but the same conclusion is reached regarding the question of whether the directors, otherwise within the statute, are liable for the excessive debts which had been paid by the corporation. The Tennessee court in both cases pointed out that the directors' liability was secondary to that of the corporation, and that the liability of each director was dependent upon the following three conditions: First, assent by him to the creation of the debt upon which he is sued; second, that the debt has not been paid; and, third, that the corporation is insolvent. This rule has been adopted as the test of liability by Ruling Case Law, 7 R.C.L. § 496, and American Jurisprudence, 13 Am. Jur. 1066. In the case of Tradesmen's Pub. Co. v. Knoxville Car Wheel Co., supra, the court cites with approval the following quotation from Thompson's Commentaries on the Law of Corporations, vol. 3, § 4264:

"On the other hand, where the liability was, as it is described in the simplest forms of these statutes, 'for the excess,' and interpretation has been fallen into which assimilates their liability to that of guarantors of final payment, which is believed to comport best with the real policy of all such statutes, by holding that the effect of the statute is to make the directors individually liable for such specific debts only as were contracted with their assent in excess of the paid-up capital, and which remained unpaid after the exhaustion of the corporate assets."

It will be noted that the statutes construed in the above cases are more broad in their provisions than section 9763, supra, involved herein. These statutes do not contain the restrictive phrase "in the event of its (the corporation's) dissolution" as does section 9763, herein, under which this court, in Paxton v. Hyer, 184 Okla. 407, 87 P. 2d 938, held a creditor's suit to enforce this statutory liability could not be maintained against the directors until the corporation had been dissolved. Nevertheless, in each of the above cases the court limited the liability of the directors to the unpaid excessive debts, stressing the fact that their liability was secondary to that of the corporation even though none of the statutes contained a provision making such a suit by the creditors contingent upon the dissolution or insolvency of the corporation.

If it was not the intention of the Legislature to limit the liability of the directors to the excessive debts remaining unpaid upon dissolution of the corporation, there is no reason for the provision of the statute that an action to enforce this statutory liability cannot be maintained until the corporation has been dissolved. The creditors should be able to bring suit at any time if the directors are to be held liable regardless of whether the corporation pays the debt or not. Giving consideration to these factors as well as the fact that in Rogers v. Bonnett, 2 Okla. 553, 37 P. 1078, and Watkinson et al. v. Adams et al., 187 Okla. 432, 103 P. 2d 498, this court held section 9763, supra, to be a statute penal in nature as to the directors and to be strictly construed in determining their liability thereunder, we hold the directors of a corporation, otherwise within the terms of the statute herein, are liable for only the excessive debts of the

corporation which remain unpaid on dissolution of said corporation.

Such a construction, placing the primary liability upon the corporation itself, not only accomplishes the intended purpose of the statute, but limits the liability of the directors to the probable damage their breach of trust in creating excessive debts caused, since the legitimate debts of the corporation would be equal to the subscribed capital stock and the directors would be liable for the unpaid excessive debts. This would include all of the dissolved corporation's outstanding liabilities of a contractual nature. To follow the theory of counsel for the plaintiffs that the directors are liable for both paid and unpaid excessive debts would, in the instant case, impose a liability of $10,935,-999.50 upon the directors notwithstanding the fact that the petition alleges the corporation's total outstanding liabilities when it ceased to do business were $6,738,525.63. This would penalize the directors herein more than $4,000,-000 under a statute which plaintiffs' counsel contend is remedial and not penal in nature.

It follows from the above conclusion that the petition herein does not state a cause of action against the director Thomas Chestnut if he were alive, and consequently there could be no cause of action against the distributees of his estate, defendants herein.

The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, HURST, DAVISON, and DANNER, JJ., concur. GIBSON, J., absent.