**PHILLIPS & STONG ENGINEERING COMPANY, a corporation, Appellant,**

v.

**HOWARD B. JAMES ASSOCIATES, INC., a corporation, et al., Appellees.**

**No. 47138.**

Court of Appeals of Oklahoma, Division No. 2.

Dec. 3, 1974.

Released for Publication by Order of Court of Appeals Dec. 26, 1974.

Stephen P. Friot, Halley Spradling, Stagner & Alpern, Oklahoma City, for appellant.

William P. Bleakley, Buck, Crabtree, Groves & Ransdell, Oklahoma City, for appellee Howard B. James.

BRIGHTMIRE, Presiding Judge.

This appeal raises the question of whether under 68 O.S.1971, § 1212(c) a corporate officer is personally liable for rent becoming due on his corporation's month-to-month written rental agreement after its license to do business in Oklahoma has been suspended by the Oklahoma Tax Commission. We hold the officer is liable and reverse the trial court's summary judgment in favor of defendant Howard B. James.

On December 1, 1968, plaintiff Phillips & Stong Engineering Company rented office space to Howard B. James Associates, Incorporated (of which defendant Howard B. James was president) pursuant to a written rental agreement in which it agreed to pay monthly rental on the first of each month in advance. The agreement did not provide for a lump sum rental obligation to be paid out monthly nor did it indicate the lease was for more than one

month at a time. In May of 1969, the agreement was amended to include rental of additional office space with the same type of month-to-month tenancy.

Because Howard B. James Associates, Incorporated failed to pay its franchise taxes the Oklahoma Tax Commission, on January 30, 1970, suspended its right to do business in Oklahoma—a suspension which brought into play 68 O.S.1971 § 1212(c)[1] affecting the personal liability of corporate officers.

Following its suspension the corporation failed to make the monthly rental payments due plaintiff resulting in this action to recover $2,550 in past-due rent against the corporation and three of its officers, including Howard B. James the appellee, contending the officers were personally liable under § 1212(c).

Defendants initially filed a general denial. Then, at pretrial, it was stipulated:

"Parties agree that Deft may amend answer to assert inapplicability of 68 O.S. 1212 and that this is the sole remaining issue in this lawsuit . . . on liability. Plaintiff withdraws second cause of action [relating to a foreclosure of the lien on defendants' property in the rented offices.]"

Defendants filed their amended answer as agreed and it became the basis for a summary judgment motion by the plaintiff landlord. The motion was sustained as to the corporate defendant but overruled as to the individual defendants.

■ In turn the three individual defendants filed a motion for summary judgment which was sustained as to M. Joyce James and R. Bruce Carter based on the fact that they lacked knowledge of the creation of the debt—a prerequisite to liability under

68 O.S.1971 § 1212(c). Although defendant Howard B. James did not profess a lack of knowledge of the rent debt creation his motion for summary judgment nevertheless also was sustained albeit on a different theory, namely, that 68 O.S.1971 § 1212(c) did not impose personal liability on him because the entire debt was "created or incurred" at the time of the signing of the rental agreement, that is, prior to the Tax Commission's suspension order.

Plaintiff apparently acquiesced in all judgments except as to the one in favor of the individual defendant Howard B. James and in this appeal raises but a single issue —was the $2,550 debt for past-due rent created or incurred at the time the month-to-month rental agreement was executed or was the debt a post-suspension one by having been incurred monthly as each payment became due? If the former is true, then the trial court was right. But if the latter is the case, then Howard B. James is personally liable and the judgment below must be reversed.

■ The legislative intent in including 68 O.S.1971 § 1212(c) as a part of the Franchise Tax Act was to aid in collecting the tax by discouraging corporate officers from carrying on business as usual after a suspension, through the imposition of personal liability on them for post-suspension corporate debts which they knowingly incurred.

In Bank of Indian Territory v. Eckles, 19 Okl. 159, 91 P. 695 (1907) the Oklahoma Supreme Court interpreted the word "incurred" used in an act of Congress which provided that any debts contracted for or incurred prior to a certain date could not be paid directly out of county revenues but had to first be authorized by the Secretary of the Interior. The court,

1. The statute provides in pertinent part:
"(c) Each trustee, director or officer of any such corporation, association or organization, whose right to do business within this State shall be so forfeited, shall, as to any and all debts of such corporation, association or organization, which may be created or incurred with his knowledge, approval and con-

sent, within this State after such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors, and officers of such corporation, association or organization were partners.

quoting from Webster's Dictionary and decisions of several other states, defined "incurred" thus: "[T]o become liable or subject to; to render liable or subject to." In short, to incur means to become liable for.

This definition of "incur" reduces the problem to one of determining at what point the defunct corporation became "liable for" the rental payments.

■ In the context of this case the word "liable" means the state of one being bound in law to do, pay, or make good something which can be enforced by legal action. Breslaw v. Rightmire, 119 Misc. 833, 196 N.Y.S. 539 (1922); Mitchell v. Banking Corp., 83 Mont. 581, 273 P. 1055 (1929); and State v. Thompson's Malted Food Co., 160 Wis. 671, 152 N.W. 458 (1915).

Under the written rental agreement either party was free to terminate the agreement at the beginnning of each month by giving the required notice. Therefore, renting only on a month-to-month basis the corporation did not become actionably bound for a month's rent until it became due on the first day of each month it elected to retain possession of the premises. And until it became so bound the corporation was not liable.

■ It is a pretty well-settled principle of property law that an agreement calling for the periodic payment of rent during a lease term creates no debt until time for payment arrives. Commissioner of Ins. v. Massachusetts Acc. Co., 310 Mass. 769, 39 N.E.2d 759 (1942); Ambrozich v. City of Eveleth, 200 Minn. 473, 274 N.W. 635 (1937); Calechman v. Great Atlantic & Pacific Tea Co., 120 Conn. 265, 180 A. 450 (1935) and Real Estate Bd. v. Page, 164 Md. 500, 165 A. 701 (1933).

In *Calechman* the court held that rents coming due in the future were not garnishable as being existing debts. The court recognized that in "the common form of lease, the obligation of the lessee to pay rent is a contingent one, made absolute only by the use and enjoyment of the property, and upon the deprivation of this right by unavoidable accident or a contingency of like nature, his liability for rent extends only to that time." In *Ambrozich* the issue was whether a lease to a municipality for a term of years providing for the payment of rent beyond the current fiscal year contravened a charter provision prohibiting the creation of any obligation against moneys not yet available for payment by the city. The court held that rent "is not a debt or liability in the generally accepted meaning of those terms, while it has yet to accrue. There is no obligation to pay until the rent is due according to the terms of the lease. Rent to be paid in the future is not a debt or liability for the recovery of which a present action will lie. The duty to pay rent may never arise by the happening of events which by the laws of property relieve a tenant from payment. Because the obligation to pay rent may never arise, it is regarded as contingent and not an absolute liability."

Since the rent arrearage plaintiff seeks became due after suspension of the corporate license, it could not be a debt created earlier and therefore Howard B. James, who knowingly incurred the debt, is personally liable therefor.

The trial court's summary adjudication in favor of defendant Howard B. James is reversed with directions to enter judgment against him in the amount of $2,550 and costs.

BACON and NEPTUNE, JJ., concur.