Cox & Hurt, Plainview, for appellant.

Charles G. White, Plainview, for appellee.

UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellant,

v.

Willie Lee McBETH, Appellee.

No. 5474.

Court of Civil Appeals of Texas, Waco.

Aug. 14, 1975.

Rehearing Denied Sept. 18, 1975.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Universal from take nothing judgment against defendant Willie Lee McBeth.

Plaintiff, a creditor of McBeth Dodge, Inc., sued Willie Lee McBeth, James Harold McBeth, David W. McBeth and Bobby D. McBeth upon $2200.10 unpaid balance due on a note for insurance premium executed by McBeth Dodge, Inc., and signed by James Harold McBeth as President.

Plaintiff alleged all defendants were officers and directors of McBeth Dodge, Inc.; that the Corporation's right to do business in Texas was forfeited by the Comptroller of Public Accounts on August 25, 1969 and its Charter was forfeited on June 26, 1970 for failure to pay franchise tax; that the note sued on was created in the name of the corporation with the knowledge, approval and consent of such officers and directors before the revival of such corporation to do business, and such defendants are liable thereon in the same manner and to the same extent as if they were partners, all in accordance with Article 12.14 VATS Taxation General (Vol. 20A p. 490).

Trial was to the court without a jury, which rendered judgment for plaintiff for $2,200.10 plus interest and attorney's fees (in total sum of $2,684.28) against defendants James Harold McBeth, David W. McBeth, and Bobby D. McBeth; and rendered judgment plaintiff take nothing as to defendant Willie Lee McBeth.

The trial court filed Findings of Fact and Conclusions of Law, summarized as follows:

## Findings of Fact

1. The note in the original amount of $3011.45, sued on was signed by James H. McBeth as president of McBeth Dodge, Inc., and delivered to plaintiff on December 18, 1970 in payment of past due insurance premiums.

2. A balance of $2,200.10, plus interest of $484.18 is still owed on the note. Reasonable attorney's fees for plaintiff is $268.43.

3. The right to do business in the corporate charter of McBeth Dodge, Inc., was forfeited June 26, 1970 for failure to pay Texas Franchise Tax, and such has never been reinstated.

4. Willie Lee McBeth was one of the original incorporators of McBeth Dodge, Inc.

5. Willie Lee McBeth was a stockholder of McBeth Dodge, Inc., from its incorporation continuously to and including December 18, 1970.

6. Willie Lee McBeth was one of the original members of the Board of Directors of McBeth Dodge, Inc.

7. The debt represented by the unpaid insurance premiums totalling $3,011.45 was incurred without the knowledge, approval or consent of Willie Lee McBeth.

8. The execution and delivery by J. H. McBeth in behalf of McBeth Dodge, Inc., of the note dated December 18, 1970 in amount of $3,011.45 was done without the knowledge, approval, or consent of Willie Lee McBeth.

## Conclusions of Law

1. Willie Lee McBeth is not liable to plaintiff for the balance of the note of $2200.10, or interest or attorney's fees, for the reason she had no knowledge of the debt and did not approve or consent to the contracting of the same.

2. Plaintiff is not entitled to judgment against Willie Lee McBeth.

Plaintiff appeals on one point: "This case should be reversed because the finding of fact that the debt represented by the unpaid insurance premiums totalling $3011.45 was incurred without the knowledge, approval or consent of Willie Lee McBeth is not supported by the evidence and is contrary to the law."

Article 12.14 provides that each director and officer of a corporation which has forfeited its right to do business is liable as a partner for all debts after forfeiture created or incurred with the *knowledge, approval* and *consent* of any such officer or director.

And *First National Bank of Boston v. Silberstein,* Tex., 398 S.W.2d 914 holds: "Liability of officers and directors for debts of corporation, which has lost franchise to do business, incurred subsequent to franchise loss is limited to those debts of which they had *knowledge, consented* to and *approved*".

There is evidence Willie Lee McBeth is the mother of James Harold, David and Bobby McBeth; that the four incorporated McBeth Dodge, Inc., in 1968, and were all original members of the Board of Directors; that McBeth Dodge, Inc., forfeited its charter June 26, 1970, for non payment of franchise tax and its charter has never been reinstated; James Harold McBeth was president and David McBeth was Secretary and both worked in the business; James Harold McBeth actually operated the business; Willie Lee McBeth was a director only in 1968 and no one succeeded her as a director; that on December 18, 1970 James Harold McBeth as President of McBeth Dodge, Inc., executed the note sued on to plaintiff for past due insurance premiums owed by the Corporation; the note was later paid down to $2200.10; that Willie Lee McBeth never interfered in any way

with James Harold's operation of the business, and never performed any services of any type for the corporation; that Willie Lee McBeth knew it was necessary in most businesses to make debts to operate them; that Willie Lee McBeth intended for James Harold to be out there doing whatever was necessary to run the business which included buying, selling, making and paying debts; that Willie Lee McBeth did not know the corporation purchased insurance on a credit, and has never communicated in any manner that she was consenting to the purchase of insurance on a credit or that she approved of purchase of insurance from plaintiff; that she never attended a meeting of the Board after incorporation and never received any notice of Board meetings; that she first learned of the debt of the corporation to plaintiff when she was served.

We overrule plaintiff's point. The evidence is ample to support findings 7 and 8 that the debt to plaintiff was incurred, and the execution and delivery of the note to plaintiff were done, without any knowledge approval or consent of Willie Lee McBeth.

Affirmed.