MIDVALE MINING AND MANUFAC-
TURING CO., an Oklahoma
Corporation, Appellant,

v.

DUTRON CORPORATION, a Kansas Corporation, John C. Swenson, Boyd G.
Cobbley, David H. Schiller, Richard A.
Brown and Harry H. Richardson, Appellees.

No. 50365.

Supreme Court of Oklahoma.

Sept. 13, 1977.

Kenn Bradley, Tulsa, for appellant.

Sanders, McElroy & Carpenter, Tulsa, Daniel Bassett, Bartlesville, for appellees.

HODGES, Chief Justice.

The question presented on appeal is whether officers and directors of a corporation are personally liable for corporate debts incurred after failure of the corporation to file its annual tax return, but before an order suspending corporate privileges is issued. Midvale Mining and Manufacturing Co., appellant, contends that Dutron Corporation, appellee, became a nonentity on December 31, 1974, when it failed to file its annual tax return and that its officers and directors became personally liable for debts contracted after that date. Appellees argue, however, that liability could not accrue

until an order suspending the corporation's right to do business in Oklahoma was issued by the Oklahoma Tax Commission. Both parties rely on 68 O.S.1971 § 1212(c)[1] to support their arguments.

Appellant, Midvale Mining and Manufacturing Co., is an Oklahoma corporation. The appellee, Dutron Corporation, is a Kansas corporation licensed to do business in Oklahoma. The individual appellees, John C. Swenson, Boyd G. Cobbley, David H. Schiller and Richard A. Brown, are officers or directors of Dutron Corporation. The appellant brought an action against the appellees for merchandise sold by it to Dutron Corporation. The sales were made between February 17, 1975 and July 2, 1975. On July 15, 1975, the State of Kansas issued an order cancelling the charter of the Dutron Corporation for failure to file its annual report. On February 6, 1976, the Oklahoma Tax Commission issued its order of suspension to Dutron Corporation, suspending that corporation's right to do business within the State of Oklahoma. All sales upon which this action is based were made prior to any cancellation or suspension of the corporate status or license of Dutron Corporation by either the State of Kansas or the State of Oklahoma. No goods were purchased from the appellant by Dutron Corporation after cancellation of the corporate charter or the suspension of any right to do business.

The appellant recovered a judgment against Dutron Corporation on May 20, 1976, and subsequently sought to hold the individual officers and directors personally liable for the corporate debt pursuant to 68 O.S.1971 § 1212(c). The trial court sustained a demurrer to the evidence, and dismissed the action as to the individual officers and directors because it determined the effective date of the inception of personal liability is the time forfeiture is entered rather than on the date the corporation failed to file its annual tax return.

 Failure to pay franchise taxes is an issue between the corporation and the State because franchise tax statutes are solely for revenue-raising purposes.[2] Statutes imposing liability on corporate directors and officers which are penal in nature are generally to be strictly construed in favor of those sought to be charged.[3]

Texas has a similar taxation statute, Tex. Tax.-Gen. art. 12.14 (1960).[4] In interpret-

---

1. It is provided by 68 O.S.1971 § 1212(c):
 Each trustee, director of or officer of any such corporation, association or organization, whose right to do business within this State shall be so forfeited, shall, as to any and all debts of such corporation, association or organization, which may be created or incurred with his knowledge, approval and consent, within this State after such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors, and officers of such corporation, association, or organization were partners. Any corporation, association or organization whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any court of this State, except in a suit to forfeit the charter of such corporation, association or organization. In any suit against such corporation, association or organization on a cause of action arising before such forfeiture, no affirmative relief shall be granted to such corporation, association or organization unless its right to do business in this State shall be reinstated as provided herein. Every contract entered into by or in behalf of such corporation, asso-

ciation or organization, after such forfeiture as provided herein is hereby declared to be voidable.

2. *Frederic G. Krapf & Son, Inc. v. Gorson,* 243 A.2d 713, 715 (Del.1968).

3. *Warren v. Adams,* 187 Okl. 643, 105 P.2d 221, 224, 130 A.L.R. 819 (1939).

4. It is provided by Tex. Tax.-Gen. art. 12.14 (1960) in pertinent part:
 "* * * Each director and officer of any corporation whose right to do business within this State shall be so forfeited shall, as to any and all debts of such corporation, which shall include all franchise taxes and penalties thereon which shall become due and payable subsequent to the date of such forfeiture, and which may be created or incurred, with his knowledge, approval and consent, within this State, after such forfeiture by any such directors or officers, and before the revival of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such directors and officers of such corporation were partners."

ing it, the Texas Supreme Court in *First National Bank of Boston v. Silberstein,* 398 S.W.2d 914, 916 (Tex.1966)[5] held it was apparent under the statute, after a corporation no longer has the right to do business, the personal liability of officers and directors for subsequently incurred debts is for those debts of which they have acquired knowledge in the regular course of business of the corporation and have consented to and approved.

Personal liability was imposed on the corporate president who knowingly incurred a rental obligation after the corporate license to do business in Oklahoma had been suspended for failure to pay franchise taxes in *Phillips and Stong Eng. Co. v. Howard B. James Assoc., Inc.,* 529 P.2d 1013, 1015 (Okla.App.1974).[6] The Court of Appeals stated the legislative intent of the statute was to aid in collection of franchise tax by discouraging corporate transactions after suspension by imposition of personal liability for post-suspension corporate debts knowingly incurred by corporate officers and directors.

■ The pertinent Oklahoma statute, 68 O.S.1971 § 1212(c)[7] shows on its face that officers and directors of a corporation are personally and individually liable for corporate debts only from the time the corporation's right to do business is forfeited. It is undisputed that all debts appellant seeks to recover were incurred before the license of Dutron Corporation was suspended in either Kansas or Oklahoma. We find the individual officers and directors are not personally liable for debts incurred before the suspension of the corporate franchise.

AFFIRMED.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

**5.** See also *Hicks v. Continental Carbon Paper Mfg. Co.,* 380 S.W.2d 737 (Tex.Civ.App.1964).

**6.** See also J. Elder, "Corporations: Corporate Officials' Liability for Debts Incurred In Name

of Corporation While Charter is Suspended," 28 Okla.L.Rev. 828 (1975).

**7.** See note 1, supra.