BROWN OIL COMPANY, Appellee,

v.

Howard SHIPLEY and Robin French, Appellants.

Nos. 60077, 60084.

Court of Appeals of Oklahoma, Division No. 3.

June 19, 1984.

Rehearing Denied July 17, 1984.

Certiorari Denied Sept. 16, 1985.

Released for Publication by Order of the Court of Appeals Sept. 20, 1985.

---

R. Patrick Gilmore, Stroud, for appellee.

Mark E. Bialick, Oklahoma City, for appellant Shipley.

John C. Moricoli, Jr. and Michael R. Wilson, Oklahoma City, for appellant French.

HUNTER, Presiding Judge:

Howard Shipley and Robin French, defendants-appellants, appeal from a judgment rendered on a jury verdict finding them personally liable for the corporate debts of suspended corporations of which they were directors.

The facts of this case are relatively undisputed and uncontroverted. The corporations involved in this dispute are Aries Drilling Company and Shipley Energy Corporation. Both corporations were essentially created by John C. Shipley, the son of Howard Shipley. As a favor to his son, Howard Shipley agreed to be named as a director for both corporations and Robin French, being a friend of both John and Howard, agreed to be named as a director for Aries. The record clearly shows and is undisputed by Brown Oil Company, the appellee, that both Howard Shipley and Robin French were directors in name only. They did not participate in the business affairs of the corporations, although Howard Shipley, on at least one occasion, signed the corporate minutes of a board of directors' meeting.

On January 18, 1982, both corporations were suspended from doing business for failure to pay franchise taxes and they were not reinstated until July 9, 1982. During this period of suspension, Brown Oil Company supplied fuel used by the drilling rigs owned by both corporations. On October 12, 1982, Brown Oil instituted suit to collect on this account against both corporations, John C. Shipley, Howard Shipley, Robin French and others. Before trial, the matter was stayed by bankruptcy proceedings as to the corporations, John C. Shipley and Connie Shipley. Thereafter, trial was had against Howard Shipley and Robin French which resulted in a verdict and judgment against French for $19,-912.54 and Howard Shipley for $26,668.40, plus interest.

On appeal, Shipley[1] and French assert that the trial court erred in denying their motions for directed verdict and judgment notwithstanding the verdict. The basis for their contention of error is predicated on two theories:

(1) the reinstatement of each corporation's right to do business relates back to the date of suspensions and therefore relieved Shipley and French of any personal liability imposed by 68 O.S.1981, § 1212(c); and

(2) because neither Shipley nor French had actual knowledge, approved and consented to the debts sued upon personal liability as directors of the suspended corporations could not arise under 68 O.S.1981, § 1212(c).

Recently, in *Bethlehem Steel Corp. v. Giese*, 681 P.2d 769 (Okl.Sup.1984), the Oklahoma Supreme Court clarified its holding in *Nichols-Homeschield v. Mid-American Construction Supply, Inc.*, 643 P.2d 309 (Okl.1982), and held that reinstatement of a corporation, after suspension for failure to pay franchise taxes under 68 O.S. 1981 § 1212(c), does not release officers and directors of suspended corporations from personal liability for debts knowingly incurred following suspension and before reinstatement. Thus, the remaining dispositive issue is what type of knowledge, approval and consent is required under section 1212(c) in order to impose personal liability upon officers and directors for debts of a suspended corporation incurred following suspension and before reinstatement.

Although indirectly touching on the issue in various opinions, the Oklahoma Supreme Court has never addressed this precise question. *See, e.g., Midvale Mining & Manufacturing Co. v. Dutron Corp.*, 569 P.2d 442, 443–44 (Okl.1977); *accord, Phillips & Stong Engineering Co. v. Howard B. James Assoc., Inc.*, 529 P.2d 1013, 1015 (Okl.Ct.App.1974). Section 1212(c), in pertinent part, provides:

Each ... director or officer of any such corporation ... whose right to do business ... shall be so forfeited, shall, as to any and all debts of such corporation ... which may be created or incurred *with his knowledge, approval* and *consent* ... after such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such ... directors and officers ... were partners. 68 O.S.1981 § 1212(c).

Relying upon the Texas case of *First National Bank of Boston v. Silberstein*, 398 S.W.2d 914 (Tex.1966), a case which the Oklahoma Supreme Court has cited in interpreting section 1212(c), Shipley and French argue that actual knowledge, approval and consent is required under section 1212(c) to impose personal liability upon them for these debts. Brown Oil, on the other hand, argues that the statute does not require actual knowledge of a specific debt, but only requires the person charged with liability know that the corporation continues to incur debt and acquiesce therein. In other words, Brown Oil's argument is based on an imputed knowledge theory; that being, a director of a corporation is chargeable with knowledge of all matters relating to the affairs of a corporation which it is his duty to know. *See Hardin v. Dale*, 45 Okl. 694, 146 P. 717 (1915).

In rejecting the imputed knowledge theory, the Texas Supreme Court in *First National Bank of Boston*, 398 S.W.2d at 916, stated:

It is further clear under the statute that after a corporation no longer has the right to do business the personal liability of officers and directors for subsequently incurred corporate debts is limited to those debts of which they have knowledge and, with the opportunity afforded thereby, which they have consented to

---

1. Shipley also contends that certain instructions given by the trial court were erroneous. How-ever, because of our disposition of this case, we do not address that contention.

and approved. This does not mean that officers and directors are personally liable only for debts of the corporation which they personally create, or which are created in their presence, or of which they have contemporaneous knowledge. There is no implication in the wording of the statute that these circumstances are conditions to liability or that knowledge must co-exist in exact time with the purchase transaction giving rise to the debt. To the contrary, the reasonable construction of the statute to the facts at hand is that personal liability is determined by the acts of Respondents in consenting to and approving the debts of the corporation where knowledge of their creation is shown to have come to them in the regular course of the business of the corporation. This is neither imputed knowledge nor "vicarious" liability as Respondents suggest; it is liability which results from and is attributable to the acts of Respondents. They had only to disapprove and disavow the debts to avoid personal liability; but having consented to and approved the debts, they became personally liable therefor.

In *Universal Underwriters Insurance Co. v. McBeth*, 526 S.W.2d 715 (Tex.Civ. App.1975), another Texas case with similar factual situation as in the instant case, the Texas court held the director was not liable. The director therein, as here, did not participate in the business affairs of the corporation and did not have knowledge of the debt until suit was filed. *Id.*

As noted by the Oklahoma Supreme Court in *Midvale Mining & Manufacturing Co., supra*, the Texas statute is quite similar to section 1212(c) of title 68 of the Oklahoma Statutes. The Oklahoma Supreme Court also in *Midvale Mining & Manufacturing Co., supra* at 444, 444 n. 5, relied upon the *First National Bank of Boston* case and other Texas authorities in making its pronouncement. The Court in that decision also cited the Oklahoma Court of Appeals' decision of *Phillips & Stong*

*Engineering Co.*, 529 P.2d at 1012. In *Phillips & Stong Engineering Co.*, the Oklahoma Court of Appeals inferred that only directors or officers with *actual* knowledge could be held personally liable. 529 P.2d at 1015. Additionally, in *Bethlehem Steel Corp.* and *Nichols-Homeshield, supra* the Supreme Court used the language, "personal liability for debts knowingly incurred," which to us appears to import more than an imputed knowledge standard.

■ Consequently, in view of the foregoing and the fact that such statutes are to be strictly construed in favor of those sought to be charged, *see generally Warren v. Adams*, 187 Okl. 643, 105 P.2d 221 (1940), we believe the Oklahoma Supreme Court would follow the Texas decisions and interpret section 1212(c) to require actual knowledge. Whether a director has approved and consented to the debt would be then determined by his acts after gaining knowledge of the debt. And, we believe that proof that a director took no action after having knowledge of a debt would be sufficient to show that he has approved and consented. *See First National Bank of Boston, supra.* Furthermore, it appears to us that to hold otherwise and require only imputed knowledge under section 1212(c) would render the language, "knowledge, approval and consent," meaningless. "There is a presumption in law that every provision of a statute is intended for some useful purpose and should be given effect." *R.V. McGinnis Theatres & Pay T.V., Inc. v. Video Independent Theatres*, 262 F.Supp. 607, 614 (W.D.Okl.1967) (citing *Hunt v. Washington Fire & Marine Insurance Co.*, 381 P.2d 844 (Okl.1963)).

■ We note that the trial judge instructed the jury that "an officer or director of a corporation is chargeable with knowledge of all matters relating to the affairs of the corporation which he *actually knows or which it is his duty to know.*" (emphasis added). Normally, in cases

where, as here, improper instructions are given, we remand for a new trial. However, in view of our finding that the record contains no evidence to show any knowledge, approval and consent of the debts by Shipley and French and the fact that Brown Oil basically has conceded this point on appeal, we reverse the judgment rendered on the jury verdict and remand the matter to the trial court with instructions to enter judgment for appellants Shipley and French. We find that based upon the evidence presented the trial court erred in denying appellants' motions for judgment notwithstanding the verdict.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

HOWARD, P.J., and WILSON, J., concur.