**Magdalene DOBRY, Administratrix of the Estate of Jimmy G. Dobry, Deceased, Appellee,**

v.

**Anthony WAYNE, Appellant.**

**Nos. 65339, 65340.**

Court of Appeals of Oklahoma, Division No. 2.

April 28, 1987.

Richard James, James & Gilmore, P.C., Stroud, for appellee.

Mark O. Thurston, Tulsa, for appellant.

REIF, Judge.

This appeal arises from a non-jury trial and a judgment holding corporate director Anthony Wayne personally liable for a corporate debt incurred during the corporation's suspension for failure to pay its franchise tax. The debt was a promissory note executed by the company president for settlement of surface damages in connection with the drilling of some oil wells.

The company president testified that Anthony Wayne was a director, but had little or no responsibility for, or knowledge of, the day-to-day operations of the company handled by the president. His testimony further revealed that Mr. Wayne resided in California throughout the existence of the corporation and functioned primarily as a "fund raiser." Mr. Wayne did participate in directors' meetings, a fact acknowledged by the president and reflected in several corporate minutes and records. However, the president testified that he alone signed the promissory note and did not tell Mr. Wayne or the other directors about it. The president stated that the first conversation he had with Mr. Wayne about the promissory note was after suit was filed by Mr. Dobry.

Mr. Wayne was present throughout the trial but was not called by the plaintiff to testify and did not testify on his own initiative. There are no corporate minutes that reflect that the promissory note was reviewed or considered by the directors; however, complete corporate minutes and records were not available for the period in question.

The trial court made the following observation in overruling Mr. Wayne's demurrer:

Well, as far as I'm concerned, and this Court has ruled previously, and let me say into the record that this Court has ruled previously in a similar type case on this situation that when a closely held corporation such as this—to say that an officer or director in operating wells didn't know what was going on out on the wells in the everyday operation and so forth is incredulous to me.

Now I will say this to you. The Court of Appeals overruled me, and it is still on appeal at this time with the high court, but until the high court rules on the thing, that's still my opinion that you can't—three or four guys go out and operate an oil company here and one of them says, "I didn't know that they contracted with Joe Blow to do such and such." I'm not going to let them hide

behind that kind of facade as far as I'm concerned, so it's still overruled.

Mr. Wayne contends that the evidence is insufficient to establish his personal liability under 68 O.S.1981 and Supp.1986 § 1212(c). This section provides for liability on the part of officers and directors for corporate debts incurred during suspension for failure to pay the corporate franchise tax. It reads in pertinent part:

Each trustee, director or officer of any such corporation, association or organization, whose right to do business within this state shall be so forfeited, shall, as to any and all debts of such corporation, association or organization, which may be created or incurred with his knowledge, approval and consent, within this state after such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors, and officers of such corporation, association or organization were partners.

*Brown Oil Co. v. Shipley*, 706 P.2d 173, 175 (Okla.Ct.App.1984), faced the question of "what type of knowledge, approval and consent is required under section 1212(c) in order to impose personal liability upon officers and directors for debts of a suspended corporation incurred following suspension and before reinstatement." The court of appeals applied the test from *First National Bank of Boston v. Silberstein*, 398 S.W.2d 914, 916 (Tex.1966), a case which the Oklahoma Supreme Court had previously followed in interpreting section 1212(c).[1] *Silberstein* stated that "personal liability is determined by the acts of [the officers and directors] in consenting to and approving the debts of the corporation *where knowledge* of their creation *is shown to have come to them* in the regular course of the business of the corporation." (Emphasis added).

In *Brown Oil*, 706 P.2d at 176, the court of appeals found that "proof that a director

1. *Midvale Mining and Manufacturing Co. v. Du-* *tron Corp.,* 569 P.2d 442, 444 (Okla.1977).

took no action after having knowledge of a debt would be sufficient to show that he has approved and consented." The judgment on a jury verdict against two directors was reversed because there was no evidence to show any knowledge, approval, or consent by the directors in question. In the instant case there is similarly no evidence of any affirmative consent or approval, nor even tacit consent or approval by inaction, after knowledge in the regular course of business. Accordingly, the judgment must be reversed.

MEANS, P.J., and BACON, J., concur.