Beverly Jo **KEARNEY,** Plaintiff/Appellee,

v.

David **WILLIAMS,** a/k/a David J. Williams, Defendant/Appellant,

and

Mark L. **Kearney and D & M Roof Service, Inc.,** an Oklahoma corporation, Defendants.

No. 88621.

Court of Civil Appeals of Oklahoma, Division 3.

May 9, 1997.

Certiorari Denied Sept. 9, 1997.

William Brad Heckenkemper, Barrow Gaddis Griffith & Grimm, Tulsa, for Defendant/Appellant.

B. Darlene Crutchfield, Crutchfield & Associates, P.C., Tulsa, for Plaintiff/Appellee.

### *MEMORANDUM OPINION*

GARRETT, Judge.

¶ 1 Defendants, Kearney and Williams, were officers, directors and employees of D

& M Roof Service, Inc. (D & M). In January, 1990, Kearney, as president of D & M, executed a promissory note in favor of F & M Bank & Trust Co. (Bank) in the amount of $30,000.00, payable in 61 days. From time to time when the note became due, it was renegotiated, the interest was paid, the interest rate was adjusted, and the due date was extended. The last due date was May 31, 1994. On January 25, 1991, the Oklahoma Tax Commission suspended D & M's charter for failure to pay franchise tax. In August, 1991, while its charter was suspended, Kearney executed another note on behalf of D & M for $15,000.00, in favor of Bank. Kearney and his mother, Beverly Jo Kearney (Plaintiff/Appellee), personally guaranteed both notes. Subsequently, D & M defaulted, Appellee paid the principal and interest in full, and Bank assigned the notes to her.

¶2 Appellee sued Kearney, Williams and D & M on the notes. She alleged that by virtue of D & M's suspension, Kearney and Williams, were personally liable for D & M's debts. She filed a motion for summary judgment. The motion was sustained and summary judgment was entered for her against all defendants. Williams appeals the judgment against him on the "first note",[1] and does not appeal the judgment on the "second note".[2]

¶3 For reversal Williams contends: "A corporate officer is not personally liable for corporate debts made in the company's name, while the Corporation is in good standing to conduct business in this state." In response to Appellee's motion for summary judgment, he asserted the corporate nature of the debt, and contended that relieved him of individual liability. Williams did not personally execute or guarantee the notes. Obviously, absent some special circumstance, he is not personally liable for the corporate debt.

¶4 Appellee relied on the Oklahoma Franchise Tax Code. 68 O.S.1991 § 1201 et seq. Sections 1201 and 1202 provide:

§ 1201 The terms of this article shall apply to every corporation organized under the laws of this state, or qualified to do, or doing business in Oklahoma in a corporate or organized capacity by virtue of creation or organization under the laws of this or any other state, territory or district, or a foreign country, including associations, joint-stock companies and business trusts as defined by Section 202 of this title.

§ 1202 When the term "Doing Business" is used in this Article, it shall mean and include each and every act, power or privilege exercised or enjoyed in this State, as an incident to, or by virtue of the powers and privileges acquired by the nature of such organizations, as are enumerated in the preceding section.

■ and § 1212, in part, provides:

§ 1212(a) If the report herein required and the tax levied is not filed and paid within the time provided under subsection (c) of Section 1208 of this title, the Tax commission shall levy and collect a penalty for such delinquency in the amount of ten percent (10%) of the tax due. Such penalty shall be collected and apportioned in the same manner as is the tax itself, and *the Tax Commission may enter an order directing the suspension of the charter or other instrument of organization, under which the corporation, association or organization may be organized, and the forfeiture of all corporate or other rights inuring thereunder* ...

(b) Any person who attempts or purports to exercise any of the rights, privileges or powers of any such domestic corporation, association or organization, or who does or attempts to do any business in the state in behalf of any such foreign corporation, association or organization, without having first obtained a license therefor, as provided herein, or after any such license so obtained shall have been canceled, forfeited, or expired, shall be guilty of a misdemeanor.

---

**1.** This Opinion relates only to the "first note". Nothing herein said or decided relates to the "second note".

**2.** Neither Kearney nor D & M appealed. Therefore, the judgment against them will not be considered.

(c) Each trustee, director or officer of any such corporation, association or organization, whose right to do business within this state shall be so forfeited, shall, as to any and all debts of such corporation, association or organization, which may be created or incurred with his knowledge, approval and consent, within this state after such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors, and officers of such corporation, association or organization were partners. . . .

¶ 5 The issue is whether the renegotiation of the note, from time to time, as it came due, including payment of interest only, adjustment of interest rate, extending the due date, and a new and different contract, involved a corporate debt which was *created or incurred* at a time when the corporate charter was suspended for failure to pay franchise tax.[3]

¶ 6 Williams contends the extension agreements modified only the required payment date, and no corporate debt was created or incurred.[4] He cites no authority other than the statute. Appellee contends the extension agreements constituted a violation of § 1212, and cause Williams to be personally liable, but she cites no authority other than the statute. This appears to be a question of first impression in Oklahoma.

 ¶ 7 It is certainly clear that once a corporate charter is suspended, for failure to pay Oklahoma's corporation franchise tax pursuant to § 1212, that corporation ceases to have the capacity to do business in the State of Oklahoma. A cursory reading of the quoted statutes reveals legislative intent to prohibit a "suspended" corporation from performing any act. It follows that entering into the extension agreements constituted illegal actions by D & M and its officers.

¶ 8 Obviously, the extension agreements constituted attempted material alterations of D & M's obligation to Bank. Did the renegotiation of the note *only* constitute a possible misdemeanor under § 1212(b); or, do the personal liability provisions of § 1212(c), relating to a debt which was *"created or incurred"* during the suspension, also apply.

¶ 9 Since the renegotiated debt became the subject of a new contract, i.e., the interest rate was changed, the due date was extended, the period of limitations was changed, we hold the new contracts involved a debt which was *created or incurred* during the time the charter was suspended. We find no error alleged.

JONES, P.J. and ADAMS, C.J., concur.

---

**3.** If a trustee, director or officer becomes personally liable under § 1212, such liability is not excused by reinstatement of the charter. *Bethlehem Steel Corporation v. Giese,* 681 P.2d 769 (Okl.1984). However, D & M had not been reinstated when the trial court entered its judgment.

**4.** Incidentally, if the renegotiated contract was valid, a new period of time for the application of the proper statute of limitations may have been created.