2001 OK CIV APP 43

**K.J. McNITT CONSTRUCTION, INC., Plaintiff/Appellant,**

v.

**Bobby ECONOMOPOULOS, Defendant/Appellee,**

and

**Ionian Roofing/Waterproofing, Inc., Defendant.**

**No. 94,801.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided March 22, 2001.

Gerald P. Green, Pierce Couch Hendrickson Baysinger & Green, L.L.P., Oklahoma City, OK, for Plaintiff/Appellant.

R. Pope Van Cleef, Jr., Robertson & Williams, Oklahoma City, OK, for Defendant/Appellee.

HANSEN, Chief Judge:

¶ 1 Plaintiff/Appellant, K.J. McNitt Construction, Inc. (McNitt), contracted with Ionian Roofing/Waterproofing, Inc. (Ionian) to provide roofing labor and materials on three construction projects. After Ionian breached the contract, McNitt completed the work and paid Ionian's subcontractors. McNitt then sued Ionian and its corporate officer, Bobby Economopoulos, to recover its damages.

¶ 2 McNitt dismissed Ionian without prejudice from the suit after Ionian filed bankruptcy. Economopoulos filed a motion for summary judgment arguing he was not liable for McNitt's claims because Ionian entered the contracts with McNitt before Ionian's corporate charter was suspended. McNitt responded the debts sued upon were incurred when McNitt had to liquidate obligations owed by Ionian to subcontractors and hire others to repair work performed by Ionian. These events took place after Ionian's suspension. McNitt argued, "The liabilities were contingent upon events that would not have occurred but for Ionian/ Economopoulos' failure to perform the contract. Had Ionian performed pursuant to the construction contracts, the obligation to perform repair work and pay subcontractors would never have arisen. Accordingly, the obligations were contingent and not absolute."

¶ 3 The trial court granted summary judgment in favor of Economopoulos. McNitt appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1.36, 12 O.S.Supp.1996, Ch. 15, App. 1. It contends the trial court erred because the debts sued upon arose after suspension of Ionian's corporate charter.

¶ 4 When a corporation's charter is suspended for failure to pay its franchise tax, its officers are liable as though they were partners for any corporate debts "created or incurred" during suspension with the officer's "knowledge, approval, or consent." 68 O.S. 1991 § 1212(c). The legislative intent of this section is to prevent a suspended corporation from performing any act. *Kearney v. Williams*, 1997 OK CIV APP 56, 946 P.2d 273, 275. Because the corporation has ceased to have the capacity to do business in the State of Oklahoma, corporate officers have only the power to create personal liability and cannot legally act for the corporation. *Id.*

¶ 5 The word "incur" as used in § 1212(c) means "to become liable for," and "the word 'liable' means the state of one being bound in law to do, pay, or make good something which can be enforced by legal action." *Phillips & Stong Engineering Co. v. Howard B. James Associates, Inc.*, 1974 OK CIV APP 59, 529 P.2d 1013, 1016. Ionian became bound in law to perform under its contracts with McNitt at the point it entered the contracts. Its liability was not contingent. The contingent liability that matured upon Ionian's breach was McNitt's liability to

others, not Ionian's liability to McNitt. McNitt points to no action by Economopoulos following suspension in which Economopoulos attempted to act for the corporation in creating or incurring a debt. Therefore, Economopoulos has no personal liability for McNitt's claims.

¶ 6 Accordingly, the trial court's order is AFFIRMED.

¶ 7 GARRETT, J., and BUETTNER, P.J., concur.