## AVERY et al. v. HAYS.

No. 7518—Opinion Filed Oct. 24, 1916.

(160 Pac. 712.)

1. **Jury—Right to Trial by Jury—Nature of Action.**

Issues of fact arising in an action for the recovery of money only must be tried to a jury, unless a jury trial is waived or a reference ordered as provided by statute.

2. **Same.**

Where issue was joined by answer to a supplemental petition seeking recovery of a money judgment for use and occupation, rents, or damages, and a jury was not waived, defendant was entitled to a trial by jury.

(Syllabus by Bleakmore, C.)

Error from District Court, Mayes County; Preston S. Davis, Judge.

Action by Craig C. Hays, a minor, by Jerry V. Hays, his guardian, against P. Avery and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

A. W. Fisher, for plaintiffs in error.

J. Howard Langley, for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Mayes county on January 31, 1911, by defendant in error as plaintiff, against the plaintiffs in error as defendants, seeking the cancellation of certain deeds of conveyance and to restrain the defendants from interfering with plaintiff in the possession of the lands involved. Judgment was rendered for plaintiff for the relief sought, and the cause was appealed to this court, where such judgment was affirmed. 44 Okla. 71, 144 Pac. 624.

When the mandate of this court reached the trial court, the plaintiff on January 9, 1915, filed in said cause the following motion:

"Comes now the plaintiff and respectively shows to the court that the defendants have had the use and benefit of the lands involved in this action and have collected the rents and profits therefrom for the years 1910, 1911, 1912, 1913, and 1914, the amount whereof and the value whereof the plaintiff is informed and believes and charges is $150 per annum, amounting in the aggregate to $750, and, wherefore, plaintiff moves the court for an accounting of such rents and profits by the defendants, and that the plaintiff be awarded such sum or sums as may be due him upon said accounting out of the moneys now in the hands of the defendant Citizens' Bank & Trust Company of Pryor Creek, Okla., and by the court heretofore ordered by said bank to wait the further determination of this cause."

The cause was set for hearing upon said motion upon January 19, 1915. Defendants appeared by counsel and moved for a continuance. Upon refusal of the continuance, defendants filed what is termed an "answer" to said motion, by way of general denial. Defendants thereupon objected to a trial for divers reasons; among others, that notice of the filing of such motion was never given them, and that an issue of fact was presented upon which defendants were entitled to trial by jury. Such objections were overruled, to which defendants excepted. The court heard evidence and found that the defendants had used and occupied the premises for certain years, determined the reasonable rental value thereof, rendered judgment in favor of plaintiff for that amount, and directed its payment out of funds belonging to certain of the defendants then in the custody of the defendant Citizens' Bank & Trust Company. From this judgment defendants have again appealed.

No recovery for rents, use and occupation, or damages was sought in the original petition; and plaintiff's cause of action, therefore (save for the year 1910), arose during the pendency of the cause. While the pleading filed by plaintiff is styled "Motion for Accounting," it was apparently considered and treated as a supplemental petition such as might properly have been filed. Consolidated Steel, etc., Co. v. Burnham, 8 Okla. 514, 58 Pac. 654. No motion was made to strike the same. After answer, trial was had

upon the issues thus presented. By appearance and answer defendants may be held to have waived notice of the filing of such supplemental petition. They failed to challenge the sufficiency thereof by demurrer or other pleading. They did object, however, to the trial had by the court of the issues of fact arising on such pleadings. The sole cause of action attempted to be alleged by the supplemental pleading was for the recovery of money only, and in no sense for an accounting.

By statute (Rev. Laws 1910) it is provided:

"4989. Issues arise on the pleadings, where a fact or conclusion of law is maintained by one party, and controverted by the other. There are two kinds: First, of law. Second, of fact." Section 5781, Comp. L. 1909.

"4990. An issue of law arises upon a demurrer to the petition, answer or reply, or to some part thereof." Section 5782, Comp. L. 1909.

"4991. An issue of fact arises: First, upon a material allegation in the petition controverted by the answer; or, second, upon new matter in the answer, controverted by the reply; or, third, upon new matter in the reply, which shall be considered as controverted by the defendant without further pleading." Section 5783, Comp. L. 1909.

"4993. Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided." Section 5785, Comp. L. 1909.

"4994. All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by jury, or referred as provided in this code." Section 5786, Comp. L. 1909.

In construing the foregoing provisions, it was held in McCoy v. McCoy, 30 Okla. 379, 121 Pac. 176, Ann. Cas. 1913C, 146:

"In all civil actions for the recovery of money or for the recovery of specific real or personal property, every issue of the fact arising from the pleadings must be tried by a jury, unless a jury be waived by both parties to the action, or a reference be ordered as prescribed by statute. All other issues of fact (except those arising in actions for the recovery of money or specific real or personal property) and all issues of fact arising in equity proceedings may be tried by the court subject to its power to submit the issues to a jury or order a reference."

It follows that the defendants, not having waived a jury trial, were entitled to have the issues so formed tried by a jury, and it was error for the court to try and determine such issues of fact over their objections.

The judgment should therefore be reversed, and the cause remanded.

By the Court: It is so ordered.