## BOARD OF COM'RS OF ALFALFA COUNTY v. FERGUSON.

No. 8020—Opinion Filed June 12, 1917.

Rehearing Denied July 24, 1917.

(166 Pac. 437.)

**1. Jury — Appeal — Trial by Jury —Waiver.**

On appeal to the district court from the action of a board of county commissioners in disallowing a claim, where an issue of fact is involved, either party to the appeal is entitled to a trial by jury, unless the right thereto is waived as provided by statute or a reference ordered.

**2. Same.**

That at a term of court at which a case is set for trial no jury is in attendance—such term being commonly known "as a nonjury term"—does not deprive a party to the cause, where the action is upon a money demand, of his right, if not waived as provided by section 5016, Rev. Laws 1910, or a reference ordered, to a trial by a jury, if an issue of fact is involved in the action.

(Syllabus by Collier, C.)

Error from District Court, Alfalfa County.

Proceeding by Walter Ferguson against the Board of County Commissioners of Alfalfa County, State of Oklahoma. From a judgment of the district court, on appeal from the disallowance of his claim, in favor of plaintiff, and from the overruling of a motion for new trial, defendant brings error. Reversed and remanded.

A. J. Titus, Sp. Co. Atty., and Titus & Talbot, for plaintiff in error.

A. R. Carpenter, for defendant in error.

Opinion by COLLIER, C. The defendant in error filed with the board of county commissioners of Alfalfa county a bill for printing the "resale tax list," which bill was disallowed, and the defendant in error appealed to the district court, and in said district court secured judgment for the sum of $—,

to which plaintiff in error duly excepted. Timely motion was made for a new trial, which was overruled, exceptions saved, and error brought to this court. Hereinafter the parties will be designated as they were in the trial court.

When the case was called a motion was made by the defendant to dismiss the appeal in the district court, and as the original case-made stood the motion was well taken, but said case-made has been amended and shows that the trial court did not err in overruling the motion to dismiss the appeal. After the motion to dismiss the appeal had been disposed of, the defendant objected to the hearing of the cause at that time on the ground that the case was not properly triable at that term of the court, which objection was overruled and exceptions saved. The defendant then demanded a trial by jury, which was refused by the court, and exceptions again saved. The term of the court at which the case was tried was a nonjury term.

There are several assignments of error, but from the view we take, we think it is necessary only to consider the refusal of the court to grant the defendant a trial by jury. Section 1640, Rev. Laws 1910, provides for an appeal from all decisions of the board of commissioners upon matters properly before them. Section 1643, Rev. Laws 1910, provides that all appeals taken to the district court shall be docketed as other causes pending therein, and the same shall be heard and determined de novo. Section 1644, Rev. Laws 1910, provides:

"The district court may make a final judgment and cause the same to be executed, or may send the same back to the board with an order how to proceed, and require said board of county commissioners to comply therewith by a mandamus or attachment as for contempt."

Section 1643, supra, provides that this appeal to be tried de novo, and necessarily—there being no admission or agreement as to the facts—are involved the questions of fact as to the rendition of the services, the extent of the same, and the amount of compensation for printing said tax list as claimed by the account which was presented to and disallowed by the defendant, as to the rendition of the services, the extent thereof, and the amount of the compensation, if any due by the defendant to the plaintiff, entitled the defendant to a trial by a jury. In Avery v. Hays, 61 Okla. 145, 160 Pac. 712, it is held:

"Issues of fact arising in an action for the recovery of money only must be tried to a

jury, unless a jury trial is waived or a reference ordered as provided by statute."

We are unable to see that the fact that the case was tried against the objection of the defendant at a nonjury term of court in any wise forfeited the right of the defendant to a trial by jury of the facts involved in the controversy, and certainly there is nothing in the record to show that the defendant expressly waived its right to a trial by jury, or that a reference was ordered. While section 1644, Rev. Laws 1910, supra, provides that the court may make final judgment and cause the same to be executed, or may send the same back to the board with an order how to proceed, and require said board of county commissioners to comply therewith by some summary action, this certainly does not give the court the right to determine, without the aid of the jury, the facts involved. Again, section 4993, Rev. Laws 1910, provides:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

We have not been favored by either brief with a citation directly upon what we regard as the pivotal question in this appeal, and after most diligent investigation we have not been able to find any decision exactly in point on the question involved. The case of Garretson v. Ferrall, 92 Iowa, 728, 61 N. W. 251, cited by plaintiff, we do not think sustains the contention that the refusal to grant a trial by jury in this case was not reversible error. We think, and so hold, that when the defendant was denied its constitutional right of trial by a jury, it was not incumbent upon it to produce any evidence in support of its action in refusing the allowance of the claim. Therefore it cannot be said "that where the evidence warrants the court in directing a verdict, error in ordering it tried to the court is not ground for reversal," for the reason that, the defendant not having offered any evidence upon the denial of its constitutional right of trial by jury, it cannot be said that the testimony warranted a directed verdict; therefore the refusal to grant a trial by jury was reversible error.

As the other errors complained of will not probably arise in another trial of the cause, we deem it unnecessary to review them.

For the error pointed out, this cause is reversed and remanded.

By the Court: It is so ordered.