**CAMPBELL, Administratrix, et al. v. POWELL et al.**

No. 9408—Opinion Filed Nov. 18, 1919.

(Syllabus by the Court.)

**Jury—Right to Jury Trial.**

This is an action for money only. The cause was set for trial at a non-jury term of court, whether by clerk, court or at request of defendants the record does not show. On the day to which the cause was continued the defendants moved for a continuance, which was overruled. The defendants then demanded a jury, which was by the court denied. Held, that the court erred in denying defendants a jury.

Error from District Court, McClain County; F. B. Swank, Judge.

Action by Laura Powell against Mary F. Campbell, administratrix, and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

W. I. Cruce and L. T. Cook, for plaintiffs in error.

Ben Franklin, for defendant in error Laura E. Powell.

Woods, Turk & Robertson, for defendant in error J. A. Small.

C. G. Moore, for defendant in error Purcell Bank & Trust Co.

HIGGINS, J. In 1906 the Oklahoma Central Railway condemned certain lands belonging to Laura Powell, plaintiff below, for railroad purposes and paid to C. M. Campbell, clerk of the United States court for the Southern District of the Indian Territory, the sum of $130, the amount awarded to her by the referees in the condemnation proceedings. C. M. Campbell went out of office at the commencement of statehood and died prior to the bringing of this suit, which is against his administrator, and it is claimed by the administrator that the money in question was paid to J. G. Siler, who was elected district clerk of McClain county, Oklahoma, and entered upon the discharge of his duties at statehood. Prior to bringing this suit Siler died and J. A. Small was appointed administrator of his estate. Both of these estates and the sureties of Campbell and Siler are parties defendant. At the time the lands herein were condemned a great many other tracts were condemned and awards made to pay for same. This suit was brought in 1916, ten years after the award and after the principal parties who had or may have had a personal knowledge of the matters pertaining thereto were dead—such a lawsuit is full of uncertainties and doubts.

On the day of the trial, to wit, March 2, 1917, the following proceedings were had:

"Mr. Cook: Comes now Mary F. Campbell, the administratrix of the estate of C. M. Campbell, deceased, Lee Cruce and Sam Noble, defendants in this case, and move the court to continue the trial of this case for the reason that said defendants are unable to proceed to trial at this time on account of the absence of material testimony, which they have with due diligence been unable to procure. That about the first of February said defendants served notice on the parties in this case that they would take the deposition of P. M. Green, at Los Angeles, California; that said depositions were taken, and these defendants received a letter from said P. M. Green, that said depositions had been given on February 20th, and that they would be

forwarded to this court in due course; that said depositions have not yet arrived; that the deposition of P. M. Green would prove that the money alleged to have been paid to P. M. Green, deputy clerk of the United States District Court, for the Southern District of the Indian Territory at Purcell, Oklahoma, was turned over to J. G. Siler, clerk of the district court of McClain county, Oklahoma, and his successor in office. That said witness is the only witness by which this fact can be proved, and that said defendants are not able to prove this fact in any other way or by any other person; that if this case is continued until the next term of court, defendants will be able to obtain the deposition of said P. M. Green, to be read in evidence in this case. That this motion is not made for the purpose of delay, but is made in good faith for the reasons herein stated. Wherefore, defendants pray the court that this case be continued until the next term of court for trial.

"Which motion for a continuance is by the court overruled, to which action of the court the said defendants except and which exception is by the court allowed.

"The Court: The files in this case show that the answer of the defendants was filed in this court, October 26, 1916.

"Mr. Cook: We want a jury trial. Comes now Mary F. Campbell, administratrix of the estate of C. M. Campbell, deceased, Lee Cruce and Sam Noble, defendants, and demand a jury trial of the issues of law and fact involved in this case, under the laws and the Constitution of this state.

"The Court: Overruled for the reason that on the 6th day of February, 1917, this case was set for trial on February 26, 1917, without any objections from any parties concerned. And it was further announced at the time that there would be no jury at this term of the court and the case was continued from February 26, to March 1st, and from March 1st, until this day.

"Mr. Cook: Note our exceptions."

Evidence was heard by the court and a judgment was entered against the defendant Mary F. Campbell, administratrix of C. M. Campbell, deceased, and his sureties Lee Cruce and Sam Noble, for $130 and in favor of plaintiff, Mrs. Powell, and the other defendants.

Mrs. Campbell, as administratrix, and her sureties appeal to this court and assign as error the refusal of the trial court to grant her a jury trial. Both parties admit that the issues herein involved are for the jury unless the defendant, Mary F. Campbell, administratrix, has waived the same.

Section 20, article 7, of the Constitution is as follows:

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury; in which case the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury."

Section 5016 of the Revised Laws of 1910, provides the method for waiving a jury and is as follows:

"The trial by jury may be waived by the parties, in actions arising on contract, and with the assent of the court, in other actions, in the following manner: By the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney. By written consent, in person or by attorney, filed with the clerk. By oral consent, in open court, entered on the journal."

The mere setting of a case for trial by the clerk or court on the non-jury docket is not within itself a waiver of a trial by a jury. Board of Commissioners v. Ferguson, 65 Oklahoma, 166 Pac. 437.

The Legislature, in preserving the rights of a jury trial, provides what must be done, and this is in clear and unambiguous language, and there is no time fixed for this demand to be made. The statute indicates that the waiver of a jury must be affirmatively shown. If the parties desire to waive a jury and submit their cause to the court, the statute gives them a clear right so to do. In this case there was no written consent to such waiver filed with the clerk or oral consent in open court entered on the journal. The plaintiffs in error did not go to trial without demanding, but demanded one.

We find that the defendant Mrs. Campbell, administratrix, was entitled to a jury to try the issue involved, and the cause is reversed and remanded for the reason that this right was denied her.

All the Justices concur.