## OKMULGEE PRODUCING & REFINING CO. v. WOLF.

No. 10997—Opinion Filed Jan. 30, 1923.

(Syllabus.)

**1. Jury—Right to Jury Trial—Waiver.**

In an action for the recovery of money, the parties are entitled to have the issues tried by jury unless a jury is waived or reference ordered, and party will not be held to have waived a jury trial unless he does by one of the three methods set out in section 555, Okla. Comp. Stat. 1921.

**2. Same—"Waiver by Oral Consent."**

In order to constitute a waiver "by oral consent in open court entered on the journal," there must have been a journal entry made of such waiver and a journal entry made thereafter when the jury is demanded, in which it is recited that upon the court's recollection of statement of counsel for defendant made in open court the court finds that defendant has waived the right to jury trial, is not an entry of the oral consent on the journal of the court in accordance with the provisions of the statute.

Error From District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Geo. Wolf, doing business under the firm name of Baker, Vawter & Wolf, against the Okmulgee Producing & Refining Company for auditing services. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

W. H. McClarin, Poe & Lundy, and John E. Curran, for plaintiff in error.

G. W. Leopold and J. F. Brett, for defendant in error.

COCHRAN, J. This action was commenced by defendant in error against plaintiff in error to recover the sum of $2,000 for services alleged to have been rendered in auditing certain books. The case was tried to the court without a jury, and judgment rendered for the plaintiff. The parties will be referred to as plaintiff and defendant, as they appeared in the lower court.

The defendant complains of the action of the trial court in denying to it a trial by a jury. The answer of the defendant was filed on March 13th. On March 27th, the defendant filed a verified motion to strike the case from the trial assignment and alleged:

"That said cause has been assigned and set for trial on the equity docket of this court to be tried without the intervention of a jury notwithstanding said cause is a jury cause and the right to trial by a jury has not been waived by this defendant."

The court, thereupon, made the following order:

"This cause coming on for hearing on this the 27th day of March, 1919, upon the application of the defendant to postpone the hearing of the cause until the cause could be tried by jury, the defendant contending that a jury had not been waived. The court upon examining said application and hearing the argument of counsel, and upon its recollection of the statement made in open court by Mr. McClarin, the counsel for the defendant, and having examined a telegram presented by counsel and signed by the said counsel for the defendant, finds that the defendant has heretofore waived the right to a trial by jury and consented that the cause might be tried by the court without a jury. It is ordered, that said part of the application seeking a postponement of the hearing be granted, and that the cause be set for trial before the court, without a jury, on the 4th day of April, 1919. The defendant excepts to said cause being set for hearing before the court without a jury and excepts to the refusal of the court to continue said cause until a trial can be had before a jury."

On April 5th, the case was called for trial and the defendant again demanded a jury. This motion was by the court overruled.

Section 532, Okla. Comp. Stat. 1921, provides:

"Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

Section 555, Okla. Comp. Stat. 1921, provides three methods by which a jury may be waived, as follows:

"By consent of the party appearing, when the other party fails to appear at the trial by himself or attorney.

"By written consent, in person or by attorney, filed with the clerk.

"By oral consent, in open court, entered on the journal."

It is not contended that there was a waiver by either the first or second methods; but it is earnestly insisted by the plaintiff that the record shows a waiver by oral consent in open court entered on the journal, and he relies upon journal entry made by the court on the 27th day of March, in which the court states:

"Upon examining said application and hearing the argument of counsel and upon its recollection of the statement made in open court by Mr. McClarin, the counsel for the defendant, and having examined a telegram presented by counsel and signed by said counsel for the defendant, finds that the defendant has heretofore waived the right to a trial by jury and consented that the cause might be tried by the court without a jury."

We are not advised as to the contents of the telegram, or the statement made by the counsel for the defendant; but, conceding that counsel for defendant had theretofore in open court stated that the cause might be tried without a jury and that he had also signified such consent by a telegram, we are of the opinion that such actions do not bring this case within the meaning of the provision of the statute providing for waiver by oral consent in open court entered on the journal. The only journal entries made in connection with this matter were that made on the 27th day of March, at which time defendant was demanding a trial by jury, and that made on the date of the trial, which shows that the defendant was still demanding a trial by jury. Had counsel for the defendant in open court by oral consent waived a jury prior to such date, a journal entry thereof should have been entered, and, no such journal entry having been made, a journal entry made at the time the jury was demanded, in which the trial court recites that theretofore a jury had been waived by statement made in open court, is not sufficient to constitute a waiver.

In Campbell, Adm'r, v. Powell, 76 Okla. 286, 185 Pac. 328, the court said:

"The Legislature, in preserving the rights of jury trial, provides what must be done, and this is in clear and unambiguous language and there is no time fixed for this demand to be made. The statute indicates that the waiver of a jury must be affirmatively shown. If the parties desire to waive a jury and submit their cause to the court, the statute gives them a clear right so to do. In this case there was no written consent to such waiver filed with the clerk nor oral consent in open court entered on the journal. The plaintiffs in error did not go to trial without demanding, but demanded one." Lipscomb v. Condon (W. Va.) 49 S. E. 392; Hahn v. Breson (N. C.) 45 S. E. 359; Board of County Commissioners v. Ferguson, 65 Okla. 311, 166 Pac. 437.

For the error in refusing to grant to the defendant a trial by jury, the cause should be reversed and remanded, with direction to grant a new trial, and it is so ordered.

JOHNSON, V. C. J., and McNEILL, KENNAMER, and HARRISON, JJ., concur.