Howard L. PUCKETT, Appellant,

v.

Wayman CORNELSON, Appellee,

and

Custer Channel Wing Corporation, Defendant.

No. 81983.

Court of Appeals of Oklahoma, Division No. 1.

May 9, 1995.

Jerry L. Mash, Mash & Dewart, Edmond, MayGaye LeBoeuf, Oklahoma City, for appellant.

Mitchell A. Hallren, Fairview, for appellee.

### OPINION

JOPLIN, Judge:

Appellant Howard L. Puckett seeks review of the trial court's order granting judgment to Appellee Wayman Cornelson, a shareholder and some-time officer of Defendant Custer Channel Wing Corporation, in Puckett's action to recover a debt owed by the corporation.[1] In this appeal, Puckett asserts the trial court erred in refusing to disregard the corporate entity so as to impose liability for the corporate debt on Cornelson individually. Puckett also challenges the trial court's award of attorney fees to Cornelson. Insofar as the trial court refused to impose personal liability on Cornelson for the corporate debt, we affirm; insofar as the trial court awarded Cornelson attorney fees, we reverse.

Channel Wing apparently incorporated under the laws of Maryland in the 1950's with thousands of shareholders. A succession of presidents controlled operations as essentially a one-man show, most recently, Sam Stoner. In late 1987, Stoner retained Puckett as a business consultant to assist in "reactivating" Channel Wing. Puckett obtained corporate records to prepare his report, met with Stoner on several occasions, and attended a

meeting with Cornelson. Stoner died in mid–1989 at which time Cornelson, as the only shareholder living in Oklahoma, removed all corporate records from Stoner's office in Enid and stored them at Cornelson's home in Fairview. Puckett did not submit a bill for his services until December 1989, approximately six months after Stoner's death.

After submitting his bill to Channel Wing, Puckett contacted Cornelson regarding payment thereof. Cornelson responded, reporting insolvency of the corporation. Puckett then brought the present action against Channel Wing and Cornelson individually (as a shareholder and officer of the corporation) to recover for the corporate debt. At bench trial, the undisputed evidence showed Channel Wing never domesticated in Oklahoma, and no Oklahoma corporate franchise tax was paid.

The trial court subsequently entered default judgment against Channel Wing in the amount of $3,000.00. The trial court further granted judgment to Cornelson on Puckett's claim of Cornelson's individual liability for the corporate debt. The trial court, on motion therefor, awarded Cornelson attorney fees as prevailing party pursuant to 12 O.S. 1991 § 936 in the amount of $4,000.00. Puckett perfected this appeal.

In this appeal, Puckett asserts Cornelson's individual liability for the corporate debt on two grounds. First, Puckett argues the evidence adduced below required the trial court to pierce the corporate veil and impose personal liability for the corporate debt upon Cornelson. Second, Puckett argues Channel Wing's failure to domesticate the corporation in Oklahoma prohibits Cornelson from using the corporate shield to protect him from personal liability for corporate debt.

■ As to Puckett's first argument, we recognize that Oklahoma law treats a corporation as a legal entity separate from its shareholders, and ordinarily shields corporate officers, directors and shareholders from personal liability for corporate debt. *See,*

---

1. Puckett obtained a default judgment against Channel Wing for services rendered, but Channel Wing is not a party to this appeal.

*e.g., Hearn v. Petra Intern. Corp.,* 710 P.2d 769 (Okla.App.1985). However, Oklahoma law also recognizes the equitable doctrine of disregarding the corporate entity may apply in some circumstances as to impose personal liability on shareholders and/or officers for corporate debt, although clearly an extraordinary remedy used sparingly. *See, e.g., Sautbine v. Keller,* 423 P.2d 447 (Okla.1966); *CCMS Pub. Co., Inc. v. Dooley–Maloof, Inc.,* 645 F.2d 33 (10th Cir.1981); *Mid–Continent Life Ins. Co. v. Goforth,* 193 Okla. 314, 143 P.2d 154 (1943). *See also, Micciche v. Billings,* 727 P.2d 367, 372–373 (Colo.1986). As this Court recently observed:

> The goal in piercing the corporate veil [i.e., disregarding the corporate entity] is to impute liability for the acts of the corporation to the responsible persons.

*Matter of Estate of Rahill,* 827 P.2d 896 (Okla.App.1991).

In review of equitable rulings of the trial court, we will not reverse unless the trial court's judgment is clearly against the weight of the evidence. *See, e.g., Marshall v. Marshall,* 364 P.2d 891 (Okla.1961) ("Judgment in an action of equitable cognizance will not be set aside unless clearly against the weight of the evidence.") In the present case, neither party presented any evidence whatsoever of Cornelson's control of Channel Wing, or any other violation of public policy expressed by statutory or constitutional law as to warrant disregarding the corporate entity and impressing personal responsibility on Cornelson for what appears to be a purely corporate debt.[2] We have reviewed the record in the present case and cannot say the trial court's judgment refusing to disregard the corporate entity is against the weight of the evidence or affected by abuse of discretion.

On this issue, Puckett further argues Channel Wing's alleged failure to domesticate in Oklahoma and pay Oklahoma corporate franchise tax deprives Cornelson of the corporate shield against personal liability for corporate debt, asserting 68 O.S.1991 § 1212 imposes personally liability for corporate debts on officers, directors, and shareholders where the corporation fails to pay franchise taxes. However, § 1212 conditions personal liability of a corporate officer and shareholder on such corporate officer or shareholder's actual knowledge of the debt or approval/condonation thereof. *See, Brown Oil Co. v. Shipley,* 706 P.2d 173 (Okla.App.1984), *citing, Midvale Min. & Mfg. Co. v. Dutron Corp,* 569 P.2d 442 (Okla.1977); *Dobry v. Wayne,* 737 P.2d 583 (Okla.App.1987).

While we reviewed the trial court's rulings on Puckett's equitable claim under the "clear-weight-of-the-evidence" standard, Puckett's claim under statute presents a mixed question of law and fact. *See, e.g., Klein v. Muhlhausen,* 83 Okla. 21, 200 P. 436 (1921) (where ordinance has material bearing on question at issue, application thereof properly submitted to jury on proper instruction). In matters of legal cognizance, where a jury is waived, a judgment based on conflicting evidence which reasonably tends to support it will not be disturbed on appeal, and when the trial court's findings are general, they are findings of every specific thing necessary to be found to sustain the judgment. *American Fertilizer Specialists, Inc. v. Wood,* 635 P.2d 592, 593 (Okla.1981). Under such circumstances, the trial court's judgment which will not be disturbed on appeal of legal errors if there is any competent evidence reasonably tending to the support the trial court's conclusion. *City of Tulsa by and through Tulsa Airport Authority v. Air Tulsa,* 851 P.2d 519 (Okla.1992).

In the present case, Puckett adduced evidence arguably demonstrating Cornelson's awareness of the corporate debt to Puckett and acquiescence thereto.[3] On the other

---

2. There is evidence in the record that Cornelson was one of several thousand shareholders, that Cornelson had no knowledge or control of corporate operations, that Cornelson had no knowledge of any corporate contract with Puckett, and that Cornelson's possession of corporate records imparting any knowledge of the corporate contract with Puckett was fortuitous at best.

3. Although this evidence is alluded to by the trial court, the deposition testimony giving rise thereto is not included in the record on appeal and, as such, may not be considered. *See, e.g., Chamberlin v. Chamberlin,* 720 P.2d 721 (Okla.1986) (error not presumed from silent record; error must be affirmatively demonstrated); *accord, Eckel v. Adair,* 698 P.2d 921 (Okla.1984); *Hamid v. Sew*

hand, Cornelson testified he had no knowledge of any arrangements between Stoner, Channel Wing, and Puckett, nor knowledge of the day-to-day dealings of Channel Wing because Stoner ran the corporation "as his own." On this conflicting evidence, we find competent evidence to support the trial court's conclusion that Cornelson had no knowledge of the corporate debt to Puckett and, thus, no personal liability therefor.

 Finally, Puckett challenges the trial court's order granting Cornelson's post-trial motion for attorney fees. Title 12 O.S.1991 § 936 allows an award of attorney fees to the prevailing party in an action to recover for labor or services. An action to recover for labor or services rendered constitutes a claim at law, while an action against a corporate officer or shareholder to recover on a corporate debt stands purely in equity. *Cf., e.g., Cordrey v. Cordrey,* 579 P.2d 209 (Okla.App. 1978) (action to recover for services rendered states claim at law, not in equity); *with, State ex rel. Oklahoma Employment Sec. Com'n v. Morrow,* 877 P.2d 1182 (Okla.App. 1994) (equitable doctrine of disregarding the corporate entity available to prevent injustice). While the trial court granted judgment to Puckett on his legal claim for labor and services rendered against Channel Wing, the trial court granted judgment to Cornelson on Puckett's equitable claim to impose liability for the corporate debt on Cornelson individually, and we find no authority authorizing an equitable award of attorney fees absent evidence of clearly wanton, vexatious, malicious or other like egregious conduct. *See, e.g., Garner v. City of Tulsa,* 651 P.2d 1325, 1330 (Okla.1982); *City Nat'l. Bank & Trust Co. of Oklahoma City v. Owens,* 565 P.2d 4, 8–9 (Okla.1977). *See also, Holbert v. Echeverria,* 744 P.2d 960 (Okla.1987) (claim for damages arising from breach of contract for labor and services as opposed to claim for labor and services rendered carries with it no entitlement to prevailing party attorney fees). Finding no evidence of such conduct by Puckett, we therefore conclude the trial court erred in granting attorney fees to Cor-

*Original,* 645 P.2d 496 (Okla.1982) (where appellate record includes no evidence, presumption

nelson as prevailing party on Puckett's equitable claim.

The orders of the trial court are therefore AFFIRMED IN PART AND REVERSED IN PART.

HANSEN, P.J., and CARL B. JONES, J., concur.

arises that judgment was responsive to proof adduced).