2002 OK CIV APP 43

PEZOLD, RICHEY, CARUSO AND BARKER, a Partnership of Professional Corporations, Plaintiff/Appellee,

v.

CHEROKEE NATION INDUSTRIES, INC., an Oklahoma Corporation, Defendant/Appellant.

Cherokee Nation Enterprises, an Oklahoma Corporation, and Cherokee Nation, Defendants,

v.

Terry Barker, Third–Party Defendant.

No. 95,867.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 12, 2001.

Certiorari Denied March 14, 2002.

Joel L. Wohlgemuth, Thomas M. Ladner, Norman Wohlemuth Chandler & Dowdell, Tulsa, OK, for Plaintiff/Appellee.

Lloyd E. Cole, Jr., Ralph F. Keen, Jr., Stilwell, OK, Lee I. Levinson, Bodenhamer &

Levinson, Tulsa, OK, for Defendant/Appellant.

Opinion by KENNETH L. BUETTNER, Presiding Judge:

¶1 This is an appeal of an attorney fee award under 12 O.S.1991 § 936. We find no abuse of discretion and affirm.

¶2 Plaintiff/Appellee Pezold, Richey, Caruso & Barker (Law Firm) represented Defendant/Appellant Cherokee Nation Industries, Inc. (CNI) as plaintiff in a breach of contract lawsuit. Law Firm began its representation of CNI under an hourly-rate agreement, but, because CNI had difficulty paying the legal bills, the parties agreed to a contingent fee for work after October 1, 1996. The case settled and Law Firm received into its trust account settlement funds totaling $1,866,137.12.

¶3 Law Firm withheld from the settlement proceeds a contingent fee of $699,801.42, $52,240.50 in costs including a finance charge of $6,097.50, $88,254.75 in previously billed but unpaid hourly fees, $1,542.40 in other charges, and $59,163.53 for outstanding billings to other Cherokee Nation entities. On January 21, 1997, Law Firm distributed to CNI the sum of $972,067.75, which included the settlement balance of $965,134.52 as well as earned interest of $6,933.23. CNI retained other counsel and objected to the distribution on January 23, 1997. The following day, Law Firm filed this declaratory judgment action. CNI counterclaimed for rescission of the contingent fee agreement, breach of contract, and conversion. On February 14, 1997, Law Firm released to CNI under protest the $59,163.53 it had withheld for billings to other Cherokee Nation entities. CNI filed a separate action in another county for fraud and misrepresentation, and that action was consolidated with the declaratory judgment action.

¶4 After trial, the trial court granted judgment to Law Firm, declaring Law Firm was entitled to receive its hourly fees for legal services rendered to CNI through September 30, 1996. However, the trial court reduced the amount of such fees from $88,254.75 to $54,566.90 because Law Firm had increased its hourly billing rates without notifying CNI. The trial court denied CNI's counterclaims for fraud, breach of contract, undue influence, and rescission. The Court of Civil Appeals affirmed the trial court's judgment in Case No. 93,856.

¶5 Law Firm moved for attorney fees pursuant to 12 O.S.1991 § 936, asserting it was the prevailing party on "claims to recover monies owed by CNI under the parties' legal services agreement." Law Firm maintained it had "received an affirmative judgment in the amount of $54,566.90." CNI objected, arguing Law Firm did not bring an action for the recovery of monetary damages related to labor and services rendered, but rather, as a trustee and holder of funds, brought an equitable action seeking a declaration of the rights of the parties and construction of their fee agreement. The trial court ruled Law Firm "sought and recovered compensation for legal services rendered," and awarded it attorney fees of $294,706.00.

■ ¶6 CNI seeks review of that order, contending the trial court erred in awarding fees under § 936 because Law Firm's action was not in the nature of a collection on an established debt, but an equitable action brought to determine entitlement to un-disbursed trust funds. It argues Law Firm did not receive a damages judgment against CNI, but instead received an equitable declaration by the trial court determining Law Firm's rights and entitlement to the remaining funds in its trust account. CNI contends there was never a failure to pay the amounts claimed by Law Firm, and Law Firm had the money in its possession and control at all times. CNI points out the trial court had earlier ruled the paramount issues in the case were equitable, and tried the case to an advisory jury.

¶7 Law Firm argues it not only sought a money judgment for unpaid fees and damages of $88,254.75 for breach of contract, but it also defended CNI's effort to have the contingent fee agreement voided. The amount at issue with respect to the contingent fee agreement was $699,801.42. It contends the recovery of attorney fees is autho-

rized by § 936 because the underlying nature of its suit was one for labor or services.

¶ 8 Attorney fees are not available under § 936 merely because a suit involves a contract relating to labor or services; the suit must be "brought for labor and services." *Russell v. Flanagan,* 1975 OK 173, 544 P.2d 510, 512. A suit is brought for labor and services if "the damages arose directly from the rendition of labor or services, such as a failure to pay for those services." *Burrows Const. Co. v. Indep. School Dist. No. 2 of Stephens Co.,* 1985 OK 57, 704 P.2d 1136, 1138. The court must look to the underlying nature of the suit to determine the applicability of § 936. *Id.*

¶ 9 The underlying nature of the instant case was the recovery of attorney fees. The judgment entered by the trial court included a finding that Law Firm was "entitled to recover from CNI the amount of $54,566.90 for unpaid hourly fees under the oral agreement of the parties." In addition, the trial court entered judgment in favor of Law Firm on CNI's effort to void the contingent fee agreement and recover the $699,801.42 paid thereunder. As a result, both actions come within the literal terms of § 936. The fact that the money was held in a trust account pending judicial decision is immaterial. Likewise, it is irrelevant that the action to recover for services rendered was denominated equitable rather than legal in nature.[1]

¶ 10 CNI also appeals the amount of the attorneys fee award raising three issues. The first issue is that the trial court awarded fees of $200 an hour for Mr. Wohlemuth's time and $150 an hour for Mr. Ladner's time. The evidence presented by Law Firm was that these rates were fair and reasonable in the community. CNI did not dispute that

fact, but argued that Law Firm should be limited by lower hourly rates previously agreed upon with the insurance company paying the fees ($110 and $100 an hour respectively).

¶ 11 In accordance with *State ex rel. Burk v. Oklahoma City,* 1979 OK 115, 598 P.2d 659, the trial court initially determines hourly compensation by multiplying hours times rate. These factors are determined by evidence submitted to the court. The hourly rate is based upon standards in the local legal community. *Green Bay Packaging v. Preferred Packaging,* 1996 OK 121, 932 P.2d 1091, 1100. This time and labor amount may then be adjusted by other *Burk* factors. One of those factors is "the customary fees" in similar cases.

¶ 12 In this case, Law Firm had negotiated a reduced hourly rate with the insurance company paying its fees. While this fact may be taken into account by the trial court, there is no abuse of discretion in awarding the full value of the attorneys' time based upon standard rates in the community. Such an award is not an "enhanced fee" as argued by CNI. A party required to pay attorneys fees under a prevailing party attorney fee statute is not necessarily entitled to the benefit of a special contract between attorney and client.[2]

¶ 13 The second issue argued by CNI is that the trial court awarded a duplicate amount of $8,251.25 which had previously been awarded as a discovery sanction against the Cherokee Nation. However, the Cherokee Nation was not required to pay the fees because of sovereign immunity. See September 7, 2000 Opinion in Case No. 94,054. CNI does not dispute that the fees were incurred by Law Firm. The fact that Law Firm sought payment for this work from two

---

1. The dissent relies solely on *Puckett v. Cornelson,* 1995 OK CIV APP 72, 897 P.2d 1154, for the assertion that a claim for legal services is a claim at law, and that an action, equitable in nature, cannot support recovery of attorney fees under § 936. *Puckett* contains no such broad propositions of law. We agree that the equitable action asserted in *Puckett,* action to recover from corporation officer or shareholder for a corporate debt, will not support § 936 attorney fees. In the instant declaratory judgment action, Law Firm sought to directly recover for its services.

The issues were (1) interpretation of the contingent fee agreement, i.e., whether previously billed amounts were due, and (2) whether CNI could rescind the contingent fee agreement. As a result, there were no issues triable by a jury, and the case could properly be called an equitable action.

2. For example, no one would suggest that no fee is payable where the attorney agrees to represent a client on a pro bono basis.

different sources is not the critical factor. There was no recovery from the Cherokee Nation; so there was no abuse of discretion in including this work in the award to Law Firm.

■ ¶ 14 The third argument is that the $294,706.00 fee award was disproportionate to the amount in controversy. The initial claim by Law Firm was for $88,256.75. CNI counterclaimed and put in issue the $699,801.42 contingent fee. It is the underlying nature of the suit that determines whether § 936 is applicable. *Burrows Construction Co. v. Independent School District,* 1985 OK 57, 704 P.2d 1136, 1137. The underlying issue in this case was how much CNI owed Law Firm for its legal services. The claims directly related to the rendition of labor or services: the failure to pay for the services and the effort to recover money paid for services. Under these facts, § 936 applied to the entire proceeding.

¶ 15 We do not find that an attorney fee of $292,949.50 is so disproportionate to the total amount in controversy, $788,058.17, or the results obtained, $754,368.32, to result in an abuse of discretion.

¶ 16 The trial court had before it evidence relating to the relevant *Burk* factors. CNI has failed to demonstrate an abuse of discretion by the trial court. The award of attorneys fees is AFFIRMED.

¶ 17 GARRETT, J., concurs.

¶ 18 HANSEN, C.J., dissents with separate opinion.

CAROL M. HANSEN, C.J., dissenting:

¶ 1 Attorney fees are not available under § 936 in equitable matters. *Puckett v. Cornelson,* 1995 OK CIV APP, 72, 897 P.2d 1154, 1157. This action is equitable in nature (law of the case appeal No. 93,856). Thus, attorney fees are not available in this action. I therefore dissent.

¶ 2 Without explanation, the majority declares it irrelevant to the determination of the underlying nature of the instant case that

in the previous appeal this action was denominated equitable rather than legal in nature. Although CNI was denied a jury trial below, the majority now declares this action to have been to recover attorney fees for services rendered. This holding is inconsistent with prior case law and with this Court's opinion filed January 26, 2001, in the previous appeal arising from this case.

¶ 3 The Oklahoma Supreme Court has consistently rejected attorney fees under § 936 in matters related to contracts for labor or services where the plaintiff did not seek damages directly arising from the rendition of labor or services. *See, e.g., Russell v. Flanagan,* 1975 OK 173, 544 P.2d 510, 512 (suit for breach of warranty of work performed under contract), and *Burrows Const. Co. v. Indep. School Dist. No. 2 of Stephens Co.,* 1985 OK 57, 704 P.2d 1136, 1138 (suit for lost profits flowing from breach of contract). In those cases where the plaintiff sued to recover payment directly for labor or services, the Oklahoma Supreme Court has allowed attorney fees under § 936. *See, e.g., Doyle v. Kelly,* 1990 OK 119, 801 P.2d 717 (breach of insurance agent's commission agreement).

¶ 4 An action to recover for labor or services rendered, for which attorney fees are available under § 936, constitutes a claim at law. *Puckett v. Cornelson,* 1995 OK CIV APP 72, 897 P.2d 1154, 1157. In such a case, the parties are entitled to a jury trial. Okla. Const. Art. 2, § 19, and *Okmulgee Producing & Refining Co. v. Wolf,* 1923 OK 57, 212 P. 415, 416, 88 Okla. 188. On the other hand, trusts are within the exclusive jurisdiction of courts of equity to administer, *Childers v. Breese,* 1949 OK 201, 202 Okla. 377, 213 P.2d 565, 568, and a trustee in the administration of a trust is subject to the supervision of a court of equity, *Evans v. First Nat. Bank of Stillwater,* 1944 OK 53, 193 Okla. 665, 146 P.2d 111, 113. Attorney fees are not available under § 936 in equitable matters. *Puckett,* 897 P.2d at 1157.[1]

¶ 5 In *Puckett,* the Court dealt with the application of § 936 when a case involves

1. Although attorney fees are available in breach of trust cases, 60 O.S.Supp.1999 § 175.57(D), this case involves no allegations Law Firm caused injury to the trust *res;* therefore, that section is not applicable here.

both legal and equitable matters. The plaintiff sued the corporate defendant to recover consulting fees. He also sued a corporate shareholder, seeking to pierce the corporate veil and impose personal liability on the shareholder for his consulting fees. The trial court granted judgment against the corporation but denied the plaintiff's claim against the shareholder. It then granted attorney fees to the shareholder under § 936. In reversing the trial court's award, Judge Joplin stated,

> An action to recover for labor or services rendered constitutes a claim at law, while an action against a corporate officer or shareholder to recover on a corporate debt stands purely in equity.... While the trial court granted judgment to [plaintiff] on his legal claim for labor and services rendered against [corporation], the trial court granted judgment to [shareholder] on [plaintiff's] equitable claim to impose liability for the corporate debt on [shareholder] individually, and we find no authority authorizing an equitable award of attorney fees absent evidence of clearly wanton, vexatious, malicious or other like egregious conduct.... [W]e therefore conclude the trial court erred in granting attorney fees to [shareholder] as prevailing party on [plaintiff's] equitable claim.

*Puckett,* 897 P.2d at 1157 (citations omitted).

¶ 6 The underlying nature of the instant case was litigated in the previous appeal, Case No. 93856. CNI sought a jury trial below. The trial court denied its demand. The Court of Civil Appeals affirmed, holding CNI was not entitled to a jury trial because the action was equitable in nature. The Court applied an equitable standard of review to the trial court's fact findings. "When an appellate court rules on an issue, that ruling becomes the law-of-the-case and controls all subsequent proceedings in the action which will not be reversed on appeal." *Gay v. Hartford Underwriters Ins. Co.,* 1995 OK 97, ¶ 18, 904 P.2d 83, 88.

¶ 7 Had Law Firm sought a judgment for damages arising from CNI's failure to pay for its services, CNI would have been entitled to a jury trial. Law Firm did not seek and did not receive such a judgment. Instead, it sought and received a judgment declaring its rights in disputed client funds it held in trust as the client's fiduciary. Law Firm did not sue to recover payment of fees; rather, it already had the funds in its possession and sought the court's direction as to disbursal of the funds. Such an action is not a civil action to recover payment for labor or services within the scope of § 936. Accordingly, I would reverse the trial court's order awarding attorney fees to Law Firm.