2011 OK CIV APP 84

**MAXXUM CONSTRUCTION, INC.,** an Oklahoma corporation, Plaintiff/Appellant,

v.

**FIRST COMMERCIAL BANK, an Oklahoma bank, Defendant/Appellee,**

**Khoi Vu and My Do, Defendants.**

No. 107,586.

Court of Civil Appeals of Oklahoma, Division No. 3.

April 29, 2011.

Duane Miller, Yukon, Oklahoma, for Appellant.

R. Stephen Haynes, R. Stephen Haynes, P.C., Oklahoma City, Oklahoma, for Appellee.

LARRY JOPLIN, Judge.

¶1 Plaintiff/Appellant Maxxum Construction, Inc., an Oklahoma corporation (Maxxum), seeks review of the trial court's post-judgment order granting attorney's fees and costs to Defendant/Appellee First Commercial Bank, an Oklahoma bank (Bank). In this appeal, Maxxum challenges the trial court's award as contrary to law.

¶2 Bank loaned money to Defendants Khoi Vu and My Do for the purchase of real property and construction of a restaurant, and Defendants granted Bank a mortgage on the property and building as security. Defendants contracted with Maxxum for construction of the restaurant, but Defendants failed to pay Maxxum about $96,000.00 due under the construction contract.

¶3 Maxxum then commenced the instant action against Defendants and Bank to collect the amount due. As against Bank, Maxxum alleged, first, that Bank guaranteed payment of the unpaid balance, and second, because the value of Bank's collateral had been increased by Maxxum's uncompensated construction, Bank had been unjustly enriched.

¶4 On motion of Bank, the trial court summarily rejected Maxxum's guarantee claim, and that judgment is now final. After trial on the merits, the trial court rejected Maxxum's unjust enrichment claim, and that judgment is now final.

¶5 Bank subsequently sought an award of attorney's fees and costs as prevailing party on Maxxum's claims to recover for labor and services under 12 O.S. § 936. Maxxum objected, arguing that (1) § 936 did not authorize an award of prevailing party attorney's fees in this equitable action to recover for unjust enrichment, and (2) in equity actions, attorney's fees may not be recovered absent evidence of clearly wanton, vexatious, malicious or other egregious conduct, of which there was none in the present case.

¶6 The trial court held for Bank, and granted Bank some $31,000.00 in attorney's fees, as well as about $930.00 in costs. Maxxum appeals, challenging the award of attorney's fees as unjust and unauthorized under § 936 in this equity case.

¶ 7 "The amount to be awarded as a fee ... is a matter left to the discretion of the trial court and will not be disturbed absent an abuse of discretion." *Finnell v. Seismic,* 2003 OK 35, ¶ 8, 67 P.3d 339, 342. (Footnotes omitted.) However, the question of whether a party is entitled to an award of attorney's fees under statute presents one of law which we review *de novo,* without deference to the lower court's determination. *See, e.g., Corr v. Smith,* 2008 OK 12, ¶ 15, 178 P.3d 859, 863.

¶ 8 "In any civil action to recover for labor or services rendered, ..., the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." 12 O.S. § 936. "[I]t is the underlying nature of the suit itself which determines the applicability of the labor or services provisions of § 936." *ABC Coating Co., Inc. v. J. Harris & Sons Ltd.,* 1987 OK 125, ¶ 9, 747 P.2d 271, 273. (Footnotes omitted.) "The question is whether the damages arose directly from the providing of labor or services, such as the failure to pay for those services, or from an aspect collaterally relating to labor or services." *Id.* So, if the underlying nature of the suit is one to recover for unpaid labor or services rendered, § 936 authorizes an award of prevailing party attorney's fees, even though recovery is claimed under an equitable theory. *Welling v. American Roofing and Sheet Metal Co., Inc.,* 1980 OK 131, ¶ 8, 617 P.2d 206, 210. (Citations omitted.)

¶ 9 Maxxum argues that Bank is not entitled to an award of attorney's fees as prevailing party on the equitable claim of unjust enrichment because, ordinarily, the prevailing party on a claim in equity is not entitled to an award of attorney's fees under § 936. *See, e.g., Puckett v. Cornelson,* 1995 OK CIV APP 72, 897 P.2d 1154. In that case, however, the underlying claim was a purely equitable *claim* to pierce the corporate veil and hold the shareholder liable for the labor and services judgment rendered against the corporation. 1995 OK CIV APP 72, ¶ 11, 897 P.2d at 1157. Because the underlying claim to pierce the corporate veil was predominantly equitable, the Court of Civil Appeals held prevailing party attorney's fees could not be recovered absent evidence of bad faith or other vexatious conduct. *Id.*

¶ 10 In the present case, however, Maxxum asserted the equitable *remedy* of unjust enrichment to recover for unpaid labor and services rendered. Because the underlying nature of the action was one to recover damages arising directly from the provision of labor or services, § 936 authorized an award of prevailing party attorney's fees to Bank, having prevailed on Maxxum's labor and services claim.

¶ 11 The trial court committed no legal error in granting attorney's fees to Bank under § 936, and Maxxum raises no issue concerning the amount of the award. The order of the trial court is consequently AFFIRMED.

MITCHELL, P.J., and BUETTNER, J., concur.