2007 OK CIV APP 45

**Brandye LUETKEMEYER,**
**Plaintiff/Appellant,**

v.

**James E. MAGNUSSON, D.O.,**
**Defendant/Appellee.**

**No. 103,297.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

April 13, 2007.

Jerry Kirksey, Edmond, OK, for Plaintiff/Appellant.

Charles E. Wadsack, Norman, OK, for Defendant/Appellee.

Opinion by ROBERT DICK BELL, Judge.

¶ 1 Plaintiff/Appellant, Brandye Luetkemeyer, appeals from the trial court's order awarding costs but denying attorney fees to Plaintiff following her successful breach of contract action against Defendant/Appellee, James E. Magnusson, D.O. (Doctor). For the reasons set forth below, we affirm in part, reverse in part and remand the trial court's order for entry of a reasonable attorney fee award.

¶ 2 Plaintiff received emergency room medical treatment from Doctor following an automobile accident caused by another driver. Plaintiff had health insurance coverage through Integris Health,[1] under whose insurance plan Doctor was a preferred provider. Doctor filed a claim with Integris and was paid a contractually reduced rate of $2,451.12. Plaintiff paid Doctor a co-pay-

ment, set by Integris, of $771.12. Doctor also billed Plaintiff the total amount of his services-$9,448.00—and filed a lien in that amount against the proceeds of the tortfeasor's insurance policy.

¶ 3 When Doctor refused to release his lien, Plaintiff sued Doctor for breach of contract. Specifically, Plaintiff claimed Doctor had been paid in full under the terms of the provider contract between Doctor and Integris, to which she was a third-party beneficiary, and his lien was preventing Plaintiff from collecting automobile insurance proceeds. Plaintiff also sought a declaration that Doctor had no legal right to enforce his lien. Plaintiff subsequently filed a motion for summary judgment, which was not designated for inclusion in the appellate record. Without elaboration, the trial court granted summary judgment in favor of Plaintiff. Doctor did not appeal the judgment.

¶ 4 Plaintiff then moved for costs and prevailing party attorney fees under 12 O.S. Supp.2002 § 936. Doctor did not dispute the amount of the attorney fees sought ($1,387.50), but argued Plaintiff was not entitled to such fees because § 936 did not apply and/or Plaintiff was not the "prevailing party" under that statute. Doctor asserted § 936 was inapplicable because Plaintiff's alleged damages did not arise directly from the rendition of labor or services. Doctor urged Plaintiff was not the prevailing party under the statute because she was not awarded any monetary damages. The trial court summarily granted Plaintiff's motion for costs in the amount of $303.60, but denied her motion for attorney fees. From said judgment, Plaintiff appeals.

¶ 5 Plaintiff's sole proposition of error on appeal is the trial court erred in denying her request for attorney fees under § 936. Doctor maintains § 936 is inapplicable and/or Plaintiff was not the prevailing party under the statute. We first address whether § 936 applies to this case. Section 936 states in relevant part:

---

1. The pleadings also refer to the insurance carrier as First Choice Health Network a/k/a Integris Health and First Health Insurance Company.

In any civil action to recover for labor or services rendered, ... unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

¶ 6 In *Cook v. Oklahoma Bd. of Pub. Affairs,* 1987 OK 22, 736 P.2d 140, the Court reiterated:

Before counsel fees may be awarded the case must be one that falls clearly within the express language of the authorizing statute. The underlying nature of the action determines the applicability of the § 936 labor-and-services provision. If the damage arises directly from the rendition of labor or services rather than from an aspect that relates collaterally to labor and services, the provisions of § 936 are applicable.

*Id.* at ¶ 43, 736 P.2d at 154 (citations omitted). *Accord Holbert v. Echeverria,* 1987 OK 99, ¶ 20, 744 P.2d 960, 966. The "labor or services" provision:

applies in a breach of contract action only if the damages arose directly from the rendition of labor or services, such as a failure to pay for those services, but not if the damages arose from an aspect collaterally relating to labor and services, such as loss of profits on a contract involving the rendition of labor and services.

*Stephenson v. Oneok Res. Co.,* 2004 OK CIV APP 81, ¶ 28, 99 P.3d 717, 724.

¶ 7 The underlying nature of the present action, as demonstrated by the record before us, was a dispute over whether Doctor was legally entitled to collect, either directly or via lien, the $9,448.00 he claimed Plaintiff owed him for labor and medical services rendered. Plaintiff's damages arose directly from the rendition of Doctor's labor and services, rather than from some collateral matter. Stated otherwise, Plaintiff did not seek money damages arising from the breach of an agreement that relates to labor and services, such as damages for Plaintiff's inability to obtain automobile insurance proceeds because of the lien, but rather sought to have the alleged labor and services debt extinguished. On this basis, we hold § 936 applies to the present case.

¶ 8 We also reject Doctor's contention that Plaintiff was not the "prevailing party" within the meaning of § 936 because she received no monetary damage award. "When prevailing party status is the statutory prerequisite for awarding attorney's fees we have defined the prevailing party as the party possessing an affirmative judgment at the conclusion of the entire case." *GRP of Texas, Inc. v. Eateries, Inc.,* 2001 OK 53, ¶ 7, 27 P.3d 95, 98. "A prevailing party is one in whose favor judgment was rendered." *Goodwin v. Durant Bank & Trust Co.,* 1998 OK 3, ¶ 10, 952 P.2d 41, 44 n. 11. At the conclusion of the present case, Plaintiff possessed an affirmative judgment against Doctor. Her quest to be relieved of Doctor's bill and related lien was legally realized.

¶ 9 On the basis of the foregoing, we hold Plaintiff was entitled to an award of reasonable attorney fees pursuant to § 936. Accordingly, we conclude the trial court abused its discretion in refusing to make such award. *See Payne v. Dewitt,* 1999 OK 93, ¶ 18, 995 P.2d 1088, 1096 (trial court judgment regarding attorney fees will not be disturbed on appeal absent a showing of abuse of discretion). We therefore reverse that portion of the trial court's judgment denying Plaintiff's request for attorney fees and remand the matter for entry of a reasonable attorney fee award. The trial court's award of costs, which was not appealed, is affirmed.

¶ 10 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

HANSEN, P.J., concurs.

BUETTNER, J., dissenting.

This was an action to interpret a health insurance policy, not an action to recover for labor or services. Therefore, § 936 does not apply.

I respectfully dissent.