**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

INTEGRIS HEALTH, INC.,
a not-for-profit Oklahoma corporation;
INTEGRIS BAPTIST MEDICAL
CENTER, a not-for-profit Oklahoma
corporation,

       Plaintiffs-Appellants,

v.

INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, INC.,
a foreign corporation,

       Defendant-Appellee,

and

CHARTIS CLAIMS, INC., a foreign
corporation; COVENTRY HEALTH
AND LIFE INSURANCE CO., a foreign
corporation,

       Defendants.

No. 13-6164
(D.C. No. 5:12-CV-00346-C)
(W.D. Okla.)

_____

INTEGRIS HEALTH, INC.,
a not-for-profit Oklahoma corporation;
INTEGRIS BAPTIST MEDICAL
CENTER, INC., a not-for-profit
Oklahoma corporation,

       Plaintiffs-Appellees,

v.

INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, INC.,

No. 13-6210
(D.C. No. 5:12-CV-00346-C)
(W.D. Okla.)

a foreign corporation,

                Defendant-Appellant,

and

COVENTRY HEALTH & LIFE
INSURANCE COMPANY, a foreign
corporation,

                Defendant.

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **PORFILIO** and **O'BRIEN**, Circuit Judges.

---

Integris Health, Inc. and Integris Baptist Medical Center (collectively,

Integris) appeal the district court's entry of summary judgment in favor of Insurance

Company of the State of Pennsylvania, Inc. (ICOSP). The parties' dispute arose over

the payment guidelines applicable to health care services Integris provided to an

injured worker covered by a workers' compensation policy under which ICOSP was

responsible for reimbursing Integris. Specifically, the dispute boiled down to

whether the Oklahoma or the Texas workers' compensation payment guidelines

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

applied. On the undisputed facts, the district court construed the parties' contract in ICOSP's favor. The court then denied ICOSP's motion for attorney fees, which is the subject of ICOSP's cross appeal. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm both the summary judgment and the order denying attorney fees.

## I. BACKGROUND

The parties' Joint Stipulation of Facts sets out the background. *See* Aplt. App. Vol. I at 1-4. Integris and the defendants were signatories to a Participating Hospital Agreement (Agreement) under which Integris agreed to provide health care services to subscribers of health insurance policies issued by Coventry Health and Life Insurance Co. ICOSP had the sole obligation to make payment to Integris for health care services provided to those subscribers.[1]

Michael Morris sustained severe burns while in the course of his employment in Texas. His employer had a workers' compensation insurance policy issued by Coventry, and ICOSP was the payor. Soon after Mr. Morris's accident, he was transferred to Integris's hospital in Oklahoma City, Oklahoma. There he received medical care resulting in $1,509,935.56 in medical bills.

The Agreement contemplated applying state law concerning the amount payable for workers' compensation claims. The parties disagree on which state's law applies. Under Oklahoma law, the maximum amount Integris would receive for

---

[1] The remaining defendant, Chartis Claims, Inc., served as Coventry's claims administrator. Coventry and Chartis are not parties to this appeal.

treating Mr. Morris was $1,056,576.89. In contrast, Texas law provided for a maximum payment of $420,191.54. Applying a 13% discount pursuant to the Agreement, the difference is $553,665.25, the amount Integris claims ICOSP improperly withheld under its interpretation of the Agreement.

The Agreement includes the following provision, which is the focus of the parties' dispute: "**6.11 Governing Law.** The Agreement shall be governed by and construed in accordance with the laws of the State of Oklahoma without regard to such State's choice of law provisions." *Id.* at 21. In addition, the Agreement states in a section titled "**Notes**," "1) The amount payable under the terms of this Contract shall be the lesser of the Contract rate, billed charges, or a 13% discount from the amount payable under the guidelines established under any State law or regulation pertaining to health care services rendered for occupationally ill/injured employees." *Id.* at 26 (emphasis added) (referred to herein as Note 1).

Integris filed suit in Oklahoma state court seeking the difference between the amount paid and the amount recoverable under the Oklahoma workers' compensation guidelines. ICOSP removed the case to federal court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). The district court found the Agreement unambiguous, construed it under Oklahoma law, and concluded that Note 1 directed application of the Texas workers' compensation guidelines. Accordingly, the court entered summary judgment in ICOSP's favor. ICOSP then filed a motion for attorney fees as

a prevailing party under Okla. Stat. tit. 12, § 936(A).  The district court denied the

motion, holding that the statute did not apply to the subject matter of the case.

## II.    INTEGRIS'S APPEAL OF SUMMARY JUDGMENT

We first address Integris's challenge to the district court's grant of summary

judgment to ICOSP.

> In this diversity case, the substantive law of the forum state,
> [Oklahoma], governs our analysis of the underlying claims.  But we are
> governed by federal law in determining the propriety of the district
> court's grant of summary judgment.  We thus review the grant of
> summary judgment de novo, applying the same standards as the district
> court pursuant to Federal Rule of Civil Procedure 56[a].  Under those
> standards, we will affirm a grant of summary judgment if there is no
> genuine dispute of material fact and the prevailing party is entitled to
> judgment under the law.

*Kan. Penn Gaming, LLC v. HV Props. of Kan., LLC*, 662 F.3d 1275, 1284 (10th Cir.

2011) (citations, footnote, brackets, and internal quotation marks omitted).  The

parties do not challenge the district court's determination that the Agreement is

unambiguous, and we agree with the district court.  "The interpretation of an

unambiguous contract is a question of law to be determined by the court, and may be

decided on summary judgment."  *Pub. Serv. Co. of Okla. v. Burlington N. R.R.. Co.*,

53 F.3d 1090, 1096 (10th Cir. 1995) (citation omitted) (construing a contract under

Oklahoma law).

The Oklahoma Supreme Court has expressed some "elementary rules of

contract law" that are applicable to this dispute:  "The courts will read the provisions

of a contract in their entirety to give effect to the intention of the parties as

- 5 -

ascertained from the four corners of the contract . . . ." *Okla. Oncology &
Hematology P.C. v. US Oncology, Inc.*, 2007 OK 12, ¶ 27,160 P.3d 936, 946 (citation
omitted).  In addition, "[t]he courts will read the contract language in its plain and
ordinary meaning unless a technical meaning is conveyed." *Id.*

ICOSP contends that Note 1's language, "the amount payable under guidelines
established <u>under any State law</u> or regulation," directed that the Texas workers'
compensation guidelines apply.  Integris maintains that the "Governing Law" section
of the Agreement requires all sections to be administered under Oklahoma law,
including the Oklahoma workers' compensation guidelines.

Integris also argues that the Oklahoma guidelines apply because it does
business only in Oklahoma and the contract negotiation and execution occurred in
Oklahoma.  Furthermore, Integris asserts that (1) "State," as used in the Agreement,
means Oklahoma because the word "State" is capitalized, thus applying to a proper
noun, as in, the "State of Oklahoma;" (2) the Note 1 language, "any State law," must
refer to Oklahoma; otherwise ICOSP could apply the law of any of the 50 states and
reach an absurd result; (3) Section 2.12 of the Agreement provides that Integris will
comply with the "requirements, laws, rules and regulations of . . . any State agencies
of the State(s) in which [it] practices," Aplt. App. Vol. I at 13, and because it
practices only in Oklahoma, the references to "State" mean Oklahoma.

"State" is not defined in the Agreement.  Therefore, its meaning is to be
determined from the entire contract.  *See* Okla. Stat. tit. 15, § 157 ("The whole of a

- 6 -

contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others.").  Moreover, "[t]he words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed."  *Id.* § 160.

Reading the Agreement as a whole, it is apparent that when the parties intended to refer to the State of Oklahoma, they specified, "State of Oklahoma." *See* Aplt. App. Vol. I at 7 ("WHEREAS, [Integris] is duly licensed by the State of Oklahoma . . ."); *id.* ("Clean Claim shall have the meaning required by law in the State of Oklahoma . . ."); *id.* at 21 ("The Agreement shall be governed by and construed in accordance with the laws of the State of Oklahoma . . .").  The term "State" is used numerous times elsewhere in the Agreement in ways that do not necessarily indicate that the parties limited the meaning to the "State of Oklahoma." *See, e.g.*, *id.* at 19 (Section 6.2:  "Health Plan may unilaterally amend the Agreement to the extent necessary to comply with applicable Federal or State law . . . ."); *id.* at 20 (Section 6.5:  "Hospital and Health Plan and Payors agree to maintain the privacy and confidentiality of all information and records regarding Members, including but not limited to medical records, in accordance with all State and Federal laws . . . .").  We attach no significance to the capitalization of the word "State" because the word appears to be capitalized in all contexts in the Agreement.  Thus,

we conclude that the word "State" as used in Note 1 refers to any of the 50 states,

including Texas.[2]  ICOSP properly applied the Texas workers' compensation

guidelines.  The district court's summary judgment in favor of ICOSP is therefore

affirmed.[3]

### III.  ICOSP'S CROSS-APPEAL OF ORDER DENYING ATTORNEY FEES

In a cross-appeal, ICOSP appeals the district court's order denying its motion

for attorney fees.  ICOSP claims that Okla. Stat. tit. 12, § 936 allows for it to recover

attorney fees as a prevailing party.  Section 936(A) states:

> In any civil action to recover for labor or services rendered, or on an
> open account, a statement of account, account stated, note, bill,
> negotiable instrument, or contract relating to the purchase or sale of
> goods, wares, or merchandise, unless otherwise provided by law or the
> contract which is the subject of the action, the prevailing party shall be
> allowed a reasonable attorney fee to be set by the court, to be taxed and
> collected as costs.

In this diversity case, we apply the law of Oklahoma to the issue of attorney

fees.  *See Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Okla.*, 636 F.3d 562,

571 (10th Cir. 2010).  Generally, we review for an abuse of discretion a district

---

[2]  We decline to speculate on Integris's hypothetical situation in which ICOSP could apply the law of a state completely unrelated to circumstances that may arise.

[3]  Because we affirm the district court based on the plain language of the Agreement, we need not address ICOSP's alternative arguments pertaining to extrinsic evidence and waiver or estoppel.  Likewise, our conclusion that the district court correctly applied Note 1 defeats Integris's argument that it is entitled to the full cost of its services because ICOSP did not make full payment within 45 days, as required by Okla. Stat. tit. 36, § 1219(D) (requiring insurer to pay clean claim within 45 days after receipt of claim).

court's denial of attorney fees, but where the question is one of statutory construction, our review is de novo. *Ryan v. Am. Natural Energy Corp.*, 557 F.3d 1152, 1164 (10th Cir. 2009).

"The American Rule is firmly established in [Oklahoma], [whereby] each litigant bears the cost of his/her legal representation . . . ." *Eagle Bluff, L.L.C. v. Taylor*, 2010 OK 47, ¶ 16, 237 P.3d 173, 179 (internal quotation marks omitted). "Exceptions to the American Rule are narrowly defined." *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 650 (Okla. 1991). Thus, "the mandatory provisions of § 936 that the prevailing party in an action to recover for labor and services shall be allowed a reasonable attorney fee are strictly applied." *Eagle Bluff*, 237 P.3d at 180 (brackets and internal quotation marks omitted).

> It is the underlying nature of the suit itself which determines the applicability of the labor and services provisions of section 936. . . . The question is whether the damages arose directly from the rendition of labor or services, such as a failure to pay for those services, or from an aspect collaterally relating to labor and services, such as loss of profits on a contract involving the rendition of labor and services.

*Burrows Constr. Co. v. Indep. Sch. Dist. No. 2*, 704 P.2d 1136, 1138 (Okla. 1985) (footnote omitted). "Attorney fees are not available under § 936 merely because a suit involves a contract relating to labor or services; the suit must be 'brought for labor and services.'" *Pezold, Richey, Caruso & Barker v. Cherokee Nation Indus., Inc.*, 2002 OK CIV APP 43, ¶ 8, 52 P.3d 430, 432 (quoting *Russell v. Flanagan*, 544 P.2d 510, 512 (Okla. 1975)).

In this case, Integris filed suit seeking an interpretation of the Agreement that would result in application of the Oklahoma workers' compensation fee guidelines. It is undisputed that ICOSP paid Integris in full pursuant to the Texas workers' compensation fee guidelines. There is also no dispute over the types of medical services Integris provided to Mr. Morris or the reasonableness of the costs for those services. Therefore, notwithstanding the Agreement's basic purpose of delivering health care services, we conclude that the underlying disagreement was not over whether Integris was paid for its services. Rather, it concerned which state's workers' compensation fee guidelines applied pursuant to the Agreement. Accordingly, we agree with the district court's assessment that this case is one for breach of contract, and any relation to "labor and services" is collateral.

ICOSP's legal authorities are inapposite because in those cases, the primary issue before the court was whether one of the parties had been paid. *Cf. Strickland Tower Maint., Inc. v. AT & T Commc'ns, Inc.*, 128 F.3d 1422, 1429 (10th Cir. 1997) (applying § 936; stating plaintiff "alleges, in the plainest terms, a failure to pay for services rendered"); *Luetkemeyer v. Magnusson*, 2007 OK CIV APP 45, ¶ 7, 162 P.3d 970, 972 (holding § 936 applied because plaintiff "sought to have the alleged labor and services debt extinguished"); *Stephenson v. ONEOK Res. Co.*, 2004 OK CIV APP 81, ¶ 29, 99 P.3d 717, 725 (granting attorney fees under § 936 to party who successfully defended suit to recover payment for services, but denying attorney fees on "action for declaratory relief [that was] related to a contract for services but was

not an action to recover for services").  Therefore, following the directive of the Oklahoma Supreme Court to strictly apply § 936, *e.g., Eagle Bluff*, 237 P.3d at 180, we determine that ICOSP was not entitled to attorney fees under the statute.

## IV.   CONCLUSION

The stipulated motion to retain under seal Volume II of the Appellants' Appendix and Volume III, the Appellee's Supplemental Appendix, is granted.  These volumes contain medical information about third parties and confidential proprietary information produced by Coventry.  The documents are not pertinent to the merits of this appeal, and we agree that the two volumes should remain under seal. *See Eugene S. v. Horizon Blue Cross Blue Shield*, 663 F.3d 1124, 1135-36 (10th Cir. 2011).

The judgment of the district court is affirmed.

Entered for the Court


Mary Beck Briscoe
Chief Judge